**In re John Wesley ELMORE and Katherine Elizabeth Elmore, Debtors.**

**Diana M. THIMMIG, Trustee, Plaintiff,**

**v.**

**John Wesley ELMORE, Nupro Company, Defendants.**

**Bankruptcy No. B88–01639.**

**Adv. No. B89–0009.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Dec. 29, 1989.

Stephen D. Hobt, Cleveland, Ohio, for plaintiff.

Philip Fine, Cleveland, Ohio, for John Wesley Elmore.

Jeffrey M. Embleton, Cleveland, Ohio, for Nupro Co.

MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

The Trustee, Diana Thimmig, filed a complaint to recover funds, to which Defendants, John Wesley Elmore and Nupro Company, filed answers. Jurisdiction of this core proceeding is based on Sections 157(a), 157(b)(2)(E) and 1334(b) of Title 28 of the United States Judicial Code. The

matter is submitted on stipulations and briefs.

The parties stipulate as follows:—

"1. On May 6, 1988, the date of the filing of the petition herein, the Defendant, John Wesley Elmore, was a participant in the Profit Sharing Plan of the Defendant, Nupro Company.

2. If the Defendant, John Wesley Elmore, had terminated his employ on May 6, 1988, his interest in said Profit Sharing Plan would have been seventy percent (70%) vested.

3. On May 6, 1988, the Defendant, John Wesley Elmore, was 38 years of age.

4. Exhibit 'A' attached hereto constitutes a complete and accurate copy of the Profit Sharing Plan with the Defendant, Nupro Company, in which the Defendant, John Wesley Elmore, participated and in which he held, on May 6, 1988, and continues to hold, an interest.

5. On May 6, 1988, the Profit Sharing Plan account of the Defendant, John Wesley Elmore, had a balance of $13,874.98.

6. The Defendant, John Wesley Elmore, claimed his interest in said fund as exempt, and the Plaintiff, as Trustee, has objected to that exemption."

On examination of Exhibit A, the Court finds:—

7. The profit plan and trust were established to provide retirement, disability, death and employment termination benefits to eligible employees. Participation is automatic and non-contributory.

8. Funding is based on the net income of participating companies. Annual contributions are allocated to individual participant accounts. (Sections 6 and 7). The plan is administered by committee. (Section 5).

9. Benefits under the plan are payable in the event of an employee's disability, retirement or death. In addition, the plan provides employment termination benefits under which a participant is entitled to receive a percentage of his company contribution account based upon his years of service. Debtor was 70% vested of this benefit on the petition date. (Sections 14 and 15).

10. Section 18 of the plan provides for the inalienability of benefits as follows:—

*"In General.* The right of any Participant or Beneficiary to any benefit or payment under the Plan or Trust or to any separate account maintained as provided by the Plan shall not be subject to voluntary or involuntary transfer, alienation or assignment, and, to the fullest extent permitted by law, shall not be subject to attachment, execution, garnishment, sequestration or other legal or equitable process. In the event a Participant or Beneficiary who is receiving or is entitled to receive benefits under the Plan attempts to assign, transfer or dispose of such right, or if an attempt is made to subject said right to such process, such assignment, transfer or disposition shall be null and void."

11. Pursuant to plan terms, Ohio law governs construction, interpretation and administration of the plan and trust. (Section 28).

## I. PROPERTY OF THE ESTATE

The initial issue for decision is the status of Debtor's rights under the profit sharing plan as an asset of the bankruptcy estate. Section 541 of the United States Bankruptcy Code defines "property of the estate". 11 U.S.C. § 541. Generally, the estate consists of all legal and equitable interests in property a debtor has at the commencement of a Chapter 7 case. 11 U.S.C. § 541(a). This general rule includes a debtor's interest regardless of any provision in an agreement, transfer instrument or applicable non-bankruptcy law that restricts or conditions transfer. 11 U.S.C. § 541(c)(1). Section 541(c)(2), however, is an exception to this rule of inclusivity and states that "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title." Defendants argue that the plan, which is qualified under ERISA and contains the requisite anti-assignment and anti-alienation provisions, is excluded under

this subsection. They maintain exclusion is predicated upon the plan being qualified under ERISA and being an enforceable spendthrift trust.

A) "Applicable non-bankruptcy law" in the context of the Section 541(c)(2) exclusion has been interpreted as a narrow reference to state spendthrift trust law. *Daniel v. Security Pacific National Bank,* 771 F.2d 1352 (9th Cir.1985), cert. denied, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *Lichstrahl v. Bankers Trust,* 750 F.2d 1488 (11th Cir.1985); *Samore v. Graham,* 726 F.2d 1268 (8th Cir.1984); *Goff v. Taylor,* 706 F.2d 574 (5th Cir.1983); *Kaplan v. Primerit Bank,* 97 B.R. 572 (9th Cir. BAP 1989). Therefore, the profit sharing plan herein, which contains the necessary anti-assignment and anti-alienation provisions for ERISA qualification, is not excluded pursuant to Section 541(c)(2), except insofar as those provisions are enforceable as a spendthrift trust under Ohio law.

■ B) The enforceability of a spendthrift trust under Ohio law is problematic. In *Sherrow v. Brookover,* 189 N.E.2d 90, 174 Ohio St. 310 (1963), the Ohio Supreme Court specifically held a spendthrift trust, absent a forfeiture provision, unenforceable against a creditor's efforts to obtain the beneficiary's interest thereunder in satisfaction of a judgment. The *Sherrow* case has been interpreted as precluding the enforceability of spendthrift trusts. However, in *Martin v. Martin,* 374 N.E.2d 1384, 54 Ohio St.2d 101 (1978), the Ohio Supreme Court addressed and upheld the enforceability of a spendthrift trust against a creditor's attempts to execute on a judgment. The Court upheld trust provisions limiting a beneficiary's right to distribution, which were deemed not purely discretionary, in the absence of a forfeiture provision. The Court cited extensively from the Restatement of Trusts with respect to spendthrift trusts. Reconciliation of these cases results in the conclusion that spendthrift trusts limiting the purposes for which a beneficiary will receive distributions are enforceable against creditor attempts to execute in satisfaction of judgment under Ohio law. See *In re Wiggins,* 60 B.R. 89 (Bankr.N.D.Ohio 1986).

■ The profit sharing plan herein establishes a trust. The Debtor neither created the trust nor contributed to the trust res. Debtor's rights under the plan are subject to restrictions regarding transfer of his beneficial interest. Moreover, his right to receive distribution under the plan is restricted to retirement, death, disability or termination. He has no present right to plan funds. Under these circumstances, the plan constitutes a valid spendthrift trust and is excluded as property of the estate.

## II. EXEMPTIONS

Defendant–Debtor claims an exemption under Ohio Revised Code Section 2329.-66(A)(10)(b) concerning the profit sharing fund. Plaintiff disputes this assertion. Since it has been determined that the fund is not property of the estate, discussion of the exemption issue is unnecessary.

## CONCLUSION

The profit sharing account which Plaintiff–Trustee seeks to recover is not property of the bankruptcy estate pursuant to Bankruptcy Code Section 541(c)(2).

## JUDGMENT

For reasons set forth in the Memorandum of Opinion and Decision,

IT IS ORDERED, ADJUDGED AND DECREED that Defendant, John Wesley Elmore's company contribution account under Defendant, Nupro Company's profit sharing plan is not property of his bankruptcy estate under Section 541 of the Bankruptcy Code; it is excluded pursuant to subsection 541(c)(2). 11 U.S.C. § 541(c)(2). Judgment is, therefore, rendered for Defendants on the complaint to recover funds.