**In re Amos Daniel FELTS and Laura Otila Felts, Debtors.**

**Bankruptcy No. 89–13590FM.**

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

March 30, 1990.

**132**

Adrian M. Overstreet, Overstreet, Winn, Edwards & Hand, P.C., Austin, Tex., for debtor.

Steven R. Smith, Haynes & Boone, Austin, Tex. for FDIC.

## ORDER ALLOWING EXEMPTION

FRANK R. MONROE, Bankruptcy Judge.

Came on for hearing on March 15, 1990, at 2:00 p.m., the Objection of Federal Deposit Insurance Corporation to Debtors' Claim of Exemptions ("Objection"), and appeared the Debtors in person and by and through their counsel of record, and appeared the Federal Deposit Insurance Corporation ("FDIC") by its designated representative and its counsel of record, and pursuant to a contested hearing held upon the FDIC's Objection, the Court makes the following Findings and Conclusions pursuant to Rule 7052 of the Bankruptcy Code:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and (d).

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

3. As of the date of filing, the Debtors had two separate retirement plans through the Law Firm of Robinson, Felts, Starnes, Angenend & Mashburn, P.C. of which Mr. Felts is a named shareholder. The Defined Benefit Pension Plan and Trust and The Defined Contribution Plan and Trust ("Retirement Plans") had a total of $940,907.00 attributable to the interest of Mr. Felts on the petition date.

4. The Debtors also had IRA accounts on the petition date totalling the sum of $15,321.01. At the hearing, the FDIC withdrew their Objection to the claimed exemption of the IRA's due to the fact that Texas Property Code § 42.0021 is not preempted by ERISA with regard to IRA plans since IRA plans are not covered by ERISA. Accordingly, the IRA's will be allowed to the Debtors as exempt under § 42.0021 of the T.P.C.

5. The Retirement Plans are employee pension benefit plans as that term is defined by ERISA § 3(3), [29 U.S.C. § 1002(3)].

6. The Retirement Plans qualify for favorable tax treatment under the applicable provisions of the Internal Revenue Code [Title II of ERISA].

7. The Retirement Plans were formed by the law firm and participated in by the Debtors with the view toward establishing retirement income.

8. As of the date of the filing of this proceeding, Amos Daniel Felts was sixty-two years old.

9. ERISA's stated purpose is

"[T]o assure American workers that they may look forward with anticipation to a retirement with financial security and dignity, and without fear that this period of life will be lacking in the necessities to sustain them as human beings within our society."

S.Rep. No. 127, 93rd Cong., 2d Sess. (1974), U.S. Code Cong. & Admin.News 1974, pp. 4639, 4849.

10. At 29 U.S.C. § 1056(d)(1), Title I of ERISA provides that, "Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated."

11. A second anti-alienation provision of ERISA appears in Title II and is codified as Internal Revenue Code § 401(a)(13) which provides in relevant part that,

"A trust shall not constitute a qualified trust under this Section unless the plan of which such trust is a part provides that benefits provided by the plan may not be assigned or alienated."

12. Section 42.0021 of the Texas Property Code was amended effective September 1, 1987 to provide for the exemption of certain types of retirement plans which

were not otherwise "specially" exempted by various state legislation independent of the Texas Property Code. These Retirement Plans are covered by the language of § 42.0021.

13. Good intentions to the contrary notwithstanding, since § 42.0021 of the Texas Property Code "relates to" these Retirement Plans, and because they are ERISA-covered plans, § 42.0021 is preempted by the provisions of 29 U.S.C. § 1144(a) and the controlling case law which has interpreted "relates to" as meaning to have a "connection with or reference to". *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983); *Mackey v. Lanier Collections Agency,* 486 U.S. 825, 108 S.Ct. 2182, 2185, 100 L.Ed.2d 836 (1988); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

14. The fact that § 522(b)(2)(A) of the Bankruptcy Code allows a debtor to choose state law exemptions in a bankruptcy does not "federalize" § 42.0021 of the Texas Property Code and thereby save it from preemption pursuant to the savings clause contained in 29 U.S.C. § 1144(d).

"The Court of Appeals properly rejected the simplistic 'double savings clause' argument—that because ERISA does not pre-empt Title VII, and Title VII does not pre-empt state fair employment laws, ERISA does not pre-empt such laws." [*Delta Airlines, Inc. v. Kramarsky,* 666 F.2d [21] at 25–26. [2nd Cir.1981] Title VII does not transform state employment laws into federal laws that § 514(d) saves from ERISA pre-emption."

*Shaw v. Delta Airlines,* supra at 101, n. 22, 103 S.Ct. at 2902, n. 22.

15. The Retirement Plans are self-settled trusts and, therefore, not spendthrift trusts within the meaning of that term as used in the common law of the State of Texas; therefore, these Retirement Plans are not excluded from property of this estate by 11 U.S.C. § 541(c)(2) as that provision was intended by Congress to apply only to spendthrift trusts protected under applicable state law. *Matter of Goff,* 706 F.2d 574, 581 (1983).

16. The Retirement Plans are exempt as ERISA is "other federal law" as provided in 11 U.S.C. § 522(b)(2)(A). The Retirement Plans contain anti-alienation clauses as required by ERISA. Further, the anti-alienation provision of ERISA which constitutes other federal law [29 U.S.C. § 1056(d)(1) ] was placed in *Title I* of ERISA by Congress in order

"[T]o assure American workers that they may look forward to anticipation to a retirement with financial security and dignity and without fear that this period of life will be lacking in the necessities to sustain them as human beings within our society."

S.Rep. No. 127, 93rd Cong., 2d Sess. (1974), U.S.Code Cong. & Admin.News 1974, p. 4849.

17. The fact that Congress chose to provide an illustrative list of other federal law in its reports on 11 U.S.C. § 522(b)(2)(A) certainly does not limit that other federal law to only those statutes listed:

"[I]t is a non-sequitur to say that the *failure* to *include* something on an *illustrative* list is probative of an intent to exclude it from that list."

*In re Komet,* 104 B.R. 799 (Bankr.W.D. Tex.1989). Quite the contrary, if Congress had desired to limit other federal law to only certain federal laws, it would have done so by incorporating the list into the statute and making it "exclusive" as opposed to "illustrative".

18. Congressional intent is clear. Had Congress wanted ERISA plans to be free from creditors claims only if the beneficiary did *not* file bankruptcy, it presumably could and would have said so in ERISA. Further, it makes no sense at all for the anti-alienation provisions to be applicable in only non-bankruptcy situations; after all, that is when the protection is most needed.

19. To not allow the exemption here would fly in the face of Congressional intent with regard to preservation of retirement benefits for the American workers which is clear was one of their overriding purposes in putting the anti-alienation provision into Title I of ERISA in addition to

that contained in Title II, which are the amendments to the Internal Revenue Code setting forth the requirements for ERISA plans to receive tax favored status.

20. This Court joins its colleague, Judge Leif Clark, in not following the "strong dicta" of the Fifth Circuit in *Matter of Goff.*

Accordingly, based upon the foregoing Findings and Conclusions, it is

ORDERED that the Objection of FDIC to the Exemption Claimed by the Debtors of the IRA's and the Retirement Plans be, and the same is hereby, overruled, and such IRA's and the Retirement Plans be, and they are hereby, set aside unto the Debtors as exempt property.