In re Howard C. and Verla B.
GREEN, Debtors.

WACHOVIA BANK & TRUST, N.A. and
Wal–Mart Stores, Incorporated,
Appellants,

v.

William A. WEAR, Trustee, Appellee.

Bankruptcy No. 89–60691–S–7.
No. 90–3387–CV–S–4.

United States District Court,
W.D. Missouri, S.D.

Nov. 6, 1990.

Gary Powell and Lee Viorel, Farrington & Curtis, Springfield, Mo., for appellants.

Gary T. Nelms, Wear, Karchmer & Nelms, Springfield, Mo., for appellee.

## ORDER

RUSSELL G. CLARK, District Judge.

On July 12, 1990, appellants, Wachovia Bank & Trust, N.A. and Wal–Mart Stores, Inc., filed a joint notice of appeal with respect to the Bankruptcy Court's order of June 14, 1990. 115 B.R. 1001.

Under Bankruptcy Rule 8013, a reviewing court may not set aside findings of fact unless clearly erroneous. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 2795, 106 L.Ed.2d 26 (1989); *In re Apex Oil Co.*, 884 F.2d 343, 348 (8th Cir.1989). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed. *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); *In re Apex Oil Co.*, 884 F.2d at 348. The reviewing court is not so limited when a bankruptcy judge's error is one of law. The bankruptcy judge's conclusions of law are to be reviewed de novo. *Id.* It is with these standards in mind that this Court proceeds with its analysis.

On November 14, 1989, the Bankruptcy Trustee filed a complaint against the debtors and the appellants, alleging that the vested portion of debtor Howard C. Green's pension benefits in the Wal–Mart Stores, Inc. Profit Sharing Plan (the "Wal–Mart Plan" or "Plan") should be included in the bankruptcy estate. On December 22, 1989, debtors filed an amended Schedule B–4 in which they claimed that Howard Green's vested interest in the Plan was excluded from the bankruptcy estate or, in the alternative, that his interest at the time of bankruptcy was exempt pursuant to R.S.Mo. § 513.430(10)(e) (1986). The Bankruptcy Trustee filed his objections to the amended exemptions on December 27, 1989. On June 14, 1990, the Bankruptcy Court entered an order requiring appellants to surrender Howard Green's vested interest in the Plan. On July 5, 1990 the Bankruptcy Court denied appellants' motion for reconsideration and motion for stay of proceedings. On July 12, 1990, appellants filed their joint notice of appeal.

Appellants have raised several issues on appeal. First, appellants submit that the Bankruptcy Court erred in concluding that Debtor Howard Green's vested interest in the Wal–Mart Plan is not excludable from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2). Second, appellants contend that even if the vested interest is includable in the estate, the Bankruptcy Court erred in finding that the account balance was not exempt from the bankruptcy estate. In support of the first contention, appellants cite *Guidry v. Sheet Metal Workers Nat. Pension Fund*, 493 U.S. 365, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990).

The Plan in the instant case is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). In *Guidry*, the Supreme Court held that the anti-alienation provision of ERISA, § 206(d), as amended, 29 U.S.C. § 1056(d), prohibited the imposition of a constructive trust on the pension benefits of a former union official who had embezzled union funds. The Court stated that courts should be reluctant to create equitable exceptions to unqualified statu-

tory language, and that any exceptions should be made by Congress. *Id.* 110 S.Ct. at 687. Section 206(d)(1) states: "Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated." *In re Schmitt*, 113 B.R. 1007 (Bkrtcy.W.D.Mo.1990) acknowledged that *Guidry* raised the possibility that pre-existing Eighth Circuit decisions that permitted the inclusion of ERISA benefits in bankruptcy estates were incorrect. *Id.* at 1016.

■ Clearly 11 U.S.C. § 541(c) would exempt a spendthrift trust from a bankruptcy estate. *See In re Schmitt* at 1010. Pursuant to Paragraph 11.10 of the Wal–Mart Plan, the construction, validity and administration of the Plan is governed by Arkansas law. In *In re Hartman*, 115 B.R. 171 (Bkrtcy.W.D.Ark.1990), the Court held that the right of a retirement plan beneficiary to terminate his employment and thereby obtain an immediate distribution of pension plan benefits nullifies the spendthrift characteristics of a trust under Arkansas law. In the instant case, Paragraph 6.4 of the Wal–Mart Plan permits a beneficiary to receive his vested interest within sixty days after the close of the Plan year quarter in which he voluntarily terminates his employment. Therefore, pursuant to Arkansas law, the Wal–Mart Plan does not qualify as a spendthrift trust. In *In re Schmitt*, the court held that it was obligated to follow established Eighth Circuit precedent until the Supreme Court issues a more definitive opinion on whether a non-spendthrift trust ERISA plan is to be included in a bankruptcy estate. Accordingly, the *Schmitt* court held that a non-spendthrift trust was not exempt from the bankruptcy estate pursuant to § 541(c), notwithstanding the *Guidry* decision. *See Schmitt* at 1016. Likewise, this Court finds that the vested benefits from the Wal–Mart Plan are not exempt pursuant to § 541(c).

■ In support of their second point, appellants cite R.S.Mo. § 513.430(10)(e)(c), which permits the Bankruptcy Court in its discretion to exempt a payment under a pension plan "to the extent reasonably necessary for the support of" the beneficiary

and his/her dependents. In *In re Gaines*, 106 B.R. 1008 (Bkrtcy.W.D.Mo.1989), the court held that a debtor's pension plan interest cannot be exempted pursuant to R.S.Mo. § 513.430(10)(e)(c) regardless of the debtor's need of support because the Missouri exemptions are preempted by federal ERISA law. *Id.* at 1017.

■ For its third point, appellants claim that the Bankruptcy Court erred in ordering an immediate turnover of debtor Howard Green's account balance in the Wal–Mart Plan to the bankruptcy trustee. Appellants argue that the bankruptcy trustee cannot acquire any greater rights in the account balance than the debtor has, and that no event (e.g. termination of employment) has occurred that would enable debtor to collect from the Plan. However, in *In re Schmitt*, 113 B.R. 1007 (Bkrtcy.W.D.Mo. 1990), the Court held that if the debtor has the absolute right to compel distribution of his pension benefits by voluntarily terminating his employment, then the trustee acquires the debtor's right to control distribution of the proceeds even though the trustee does not have the power to terminate the debtor's employment relationship. *Id.* at 1013. Therefore, the Bankruptcy Court did not err by ordering an immediate turnover of debtor Howard Green's account balance in the Wal–Mart Plan to the bankruptcy trustee.

■ As its final point, appellants argue that the Wal–Mart plan will be disqualified under 26 U.S.C. § 401 and thereby lose certain tax benefits if debtor Howard Green's account balance is turned over to the bankruptcy trustee. In making this assertion, appellants rely on a letter ruling issued by the Internal Revenue Service in another case. Pursuant to 26 U.S.C. § 6110(j)(3) (1976), "unless the Secretary otherwise establishes by regulations," a letter ruling "may not be used or cited as precedent." Furthermore, in *In re Gallagher*, 101 B.R. 594 (Bkrtcy.W.D.Mo.1989), the Court held that the turnover of a debtor's ERISA pension benefits to a bankruptcy trustee does not disqualify the plan under the Internal Revenue Code. *Id.* at 604.

330

It is ORDERED that the Bankruptcy Court's order of June 14, 1990 is affirmed.