**In re Richard and Virginia SMITH, Debtors.**

**Bankruptcy No. 89–42978–7–3.**

United States Bankruptcy Court, W.D. Missouri.

Feb. 8, 1991.

Lyndel Mason, Berman, DeLeve, Kuchan & Chapman, Kansas City, Mo., for plaintiff.

Lise Koenig, Hyatt Legal Services, Inc., Kansas City, Mo., for debtors.

## ORDER DENYING TRUSTEE'S OBJECTIONS TO EXEMPTIONS

ARTHUR B. FEDERMAN, Bankruptcy Judge.

The matter before the Court is the Chapter 7 Trustee's objections to the exemptions of debtors Richard and Virginia Smith. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and may enter final orders pursuant to 28 U.S.C. § 157(b)(2). For the reasons stated below, the Court denies the objections.

Debtors filed their Chapter 7 case on December 20, 1989. Mr. Smith earned a $3,500 bonus from his employer for servic-es rendered during 1989, which was paid to him in 1990, after the filing of his bankruptcy petition. This bonus was paid because Mr. Smith achieved certain sales goals for 1989. Mr. Smith testified that although there were 10 days left in calendar year 1989, he was entitled to payment of this bonus at the time that the Chapter 7 petition was filed. The net bonus received, after various deductions, was $2,800.00.

Mr. Smith is also a participant in his employer's ERISA-qualified pension plan. He held a vested interest in three accounts in the Retirement Plan: Retirement Account, Tax–Deferred Savings Account, and Employer Matching Account. As of December 31, 1989, the total value of these accounts was $41,130.53. According to the Plan Summary admitted into evidence, Mr. Smith had the right to make contributions to the Tax–Deferred Savings Account, as the result of which his employer would make matching contributions to the Employer Matching Account (Plan Summary, p. 3–4). Only his employer had the right to make contributions to the Retirement Account, based upon the company's earnings and profits. (Plan Summary, p. 3). Mr. Smith had the right to exercise a certain degree of investment control over the funds in his account. (Plan Summary, p. 5–6). Finally, Mr. Smith could terminate his employment and gain access to the funds. (Plan Summary, p. 9–10).

Mr. Smith is 57 years old, and has a college education. He has worked as a salesperson for his present employer for the past seven years. His wife, age 52, does not work outside the home, and earns no salary. She is not a participant in any pension. Debtors have four children, ages 24, 19, 16, and 14, all living at home. One of their children has a cleft palate and requires surgery from time to time—there was no evidence regarding insurance coverage for this condition. In the original Statement of Current Income and Expenses filed at the outset of this case, debtors listed zero net monthly income, having monthly take-home pay and living expenses equal to $1,901.28. At the time of the hearing on this matter, Mr. Smith's

monthly take-home pay was $2,003.28; his 1990 annual bonus was in the gross amount of $4,000.00. Debtors' claimed that their monthly expenses had risen from $1,901.28 to $2,206.00 since the filing of their petition.

In debtors' Schedule B–4, as amended on January 23, 1991, debtors claimed all but 10% of Mr. Smith's 1989 bonus, and the entire value of his ERISA Retirement Fund, as exempt. It is debtors position that the bonus constitutes earnings, 90% of which are exempt under Mo.Rev.Stat. § 525.030. Furthermore, they contend that the ERISA Retirement Fund constitutes a pension or other plan, exempt under Mo. Rev.Stat. § 513.430. The Trustee objected to exemption of the bonus, arguing that the relevant language of the Missouri garnishment statute does not provide exemption protection to Mr. Smith's bonus. The Trustee also objected to the exemption of all three accounts in the Retirement Fund, arguing that the three accounts were not spendthrift trusts, and that the accounts were not reasonably necessary for debtors' support.

BONUS

■ Mo.Rev.Stat. § 525.030(2) provides in relevant part:

2. The maximum part of the aggregate earnings of any individual for any workweek, after the deduction from those earnings of any amounts required by law to be withheld, which is subjected to garnishment may not exceed ... (c) if the employee is the head of a family and a resident of this state, ten percentum,
...

. . . . .

The term "earnings" as used herein means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, ...

As indicated from the clear language of Section 525.030, a bonus may qualify as earnings, and therefore enjoys exemption protection from garnishment in aid of attachment or execution sought under Mo. Rev.Stat. § 525.010.

■ Mo.Rev.Stat. § 513.427 provides in relevant part:

Every person by or against whom an order for relief is sought under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri ...

As indicated by Section 513.427, a Missouri debtor in bankruptcy is entitled to exempt property from his bankruptcy estate to the extent that it is exempt from attachment and execution under the law of the State of Missouri. Section 525.030 allows a debtor to protect a portion of wages from garnishment in aid of attachment or execution under Section 525.010. Therefore, the Court concludes that a debtor in bankruptcy in Missouri may exercise the garnishment exemption rights provided in Section 525.030 since this is consistent with the language of Section 513.427.

In the present case, debtor was entitled to his bonus as of the date that the Chapter 7 petition was filed. Therefore, the Court concludes that under Section 525.030, Mr. Smith is entitled to exempt all but 10% of the bonus payable to him, and under Section 513.427, is entitled to exempt this amount from his bankruptcy estate. This conclusion is not only supported by the language of the statutes, but also supported by *In re Sanders,* 69 B.R. 569 (Bankr.E.D.Mo.1986), where Judge McDonald concluded that debtors in bankruptcy in Missouri are entitled to an exemption for pre-petition earnings.[1]

■ The Trustee argues that the language of Section 525.030 protects only those earnings "subject to garnishment," and therefore, suggests that earnings *not* subject to garnishment cannot be exempted. The Trustee applies this reasoning to argue that because the filing of debtor's Chapter 7 petition effectively stays and

---

1. An individual's post-Chapter 7 earnings and wages are not property of his bankruptcy estate.

11 U.S.C. § 541(a)(6).

prohibits any garnishment proceeding, Mr. Smith's bonus was not subject to garnishment and therefore could not be exempted under Missouri law. In other words, the exemption is only available to individuals who have not sought bankruptcy protection. This argument is similar to the argument raised by the Chapter 7 Trustee in *Sanders,* who argued that earnings could only be exempted if there was a garnishment in place at the time that the bankruptcy petition was filed. *Sanders,* 69 B.R. at 573. The Court concludes, like *Sanders,* that this argument does not correctly state the law.[2] Similar to *Sanders,* the Court concludes that the absence of a bankruptcy petition is not a condition to the use of the earnings exemption. *Sanders,* 69 B.R. at 573. Accordingly, debtors are entitled to exempt all but 10% of the net bonus received by Mr. Smith after deductions required by law (FICA, FUTA and Tax withholding), in the amount of $2,520 ($2,800 − (.10 × $2,800) = $2,520). To the extent that debtors have not turned over to the Trustee the sum of $280.00, representing the non-exempt portion of the bonus, they are now directed to do so.

## PENSION

■ The issues involved in the Trustee's objection to the Retirement Plan exemption are: 1) Is the Retirement Plan excepted from the bankruptcy estate because it is a spendthrift trust?; and 2) May the Retirement Plan be excepted from the estate as being a pension reasonably necessary for the support of debtors?

Debtors do not specifically contend that the Retirement Plan is part of a spendthrift trust. Upon reviewing the Plan Summary, it is clear that debtors have the right and have in fact made contributions to the Tax–Deferred Savings Account. Thus, this account is self-settled and cannot be con-

sidered spendthrift. *In re Swanson,* 873 F.2d 1121, 1124 (8th Cir.1989). In addition, debtors may exercise a certain degree of control over all three accounts since they have the right to direct investments and they have access to the funds if Mr. Smith terminates his employment. Thus, the entire Retirement Plan is subject to beneficiary control and cannot be considered to be spendthrift. *Swanson,* 873 F.2d at 1124.

■ Thus, the only remaining issue for the Court to decide is whether the Retirement Plan is reasonably necessary for the support of the debtors.[3] Mo.Rev.Stat. § 513.430(10)(e) provides:

The following property shall be exempt from attachment and execution to the extent of any person's interest therein:

.     .     .     .     .

(10) Such person's right to receive: . . .

(e) A payment under a stock bonus, pension, profit-sharing, annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of such person and any dependent of such person . . .

In this district, the Courts look at numerous factors to determine whether a pension is reasonably necessary. As stated in *In re Bartlett,* 67 B.R. 455 (Bankr.W.D.Mo. 1986), there are eleven factors that should be reviewed to determine whether the pension is reasonably necessary for support of Mr. Smith and his dependents.

The Court concludes that Mr. Smith's Retirement Plan is a pension reasonably necessary for his and his dependent wife's support. Due to Mr. Smith's age, education, job qualifications, and income poten-

---

**2.** Indeed, it appears to the Court that the only earnings "not subject to garnishment" are exempt earnings, the very property that the statute was intended to protect.

**3.** The Trustee has not raised the issue of whether ERISA preempts the Missouri pension exemptions, thus preventing debtors from exempting Mr. Smith's Retirement Fund. This Court

has declined to adopt the pre-emption argument, concluding instead that Missouri debtors are entitled to the benefit of Mo.Rev.Stat. § 513.430(10)(e). *In re Vickers,* 116 B.R. 149 (Bankr.W.D.Mo.1990). This conclusion has been upheld by the District Court on appeal. *Checkett v. Vickers,* Civil Case No. 90–5028–CV–SW–1 (W.D.Mo., December 5, 1990).

tial, it appears to the Court that debtors do not have additional potential to rebuild a pension fund in the remaining eight years that it is anticipated that Mr. Smith would continue to work. Mr. Smith's income appears to be stable, with little upside potential. He does not appear to have earned substantial income in the past, nor to have the potential to earn substantial excess income in the future. Thus, debtors' income is relatively fixed. Their expenses are likewise stable. Debtors have two minor children still living with them, and could reasonably be required to support their youngest child for at least four more years. Even if debtors' original monthly expenses are accepted, debtors have little net monthly income by which an adequate pension could be started at this point in their lives.

The current situation is distinguishable from that of *In re Gaines,* 106 B.R. 1008 (Bankr.W.D.Mo.1989), *aff'd. on other grounds,* 121 B.R. 1015 (W.D.Mo.1990). In *Gaines,* the debtor was the same age as Mr. Smith. However, due to his education and qualifications as a licensed dentist, as well as his income level, the debtor in *Gaines* had excess income and the potential to rebuild an adequate pension prior to reaching retirement age. *Gaines,* 106 B.R. at 1020–21; *See also, In re Green,* 115 B.R. 1001, 1008–1009 (Bankr.W.D.Mo.1990), *aff'd.,* 123 B.R. 327 (W.D.Mo.1990). In this case, given their age, education, and earning capacity, debtors do not have the ability to accumulate a reasonable fund for their retirement if the funds now held for Mr. Smith's benefit are turned over to the Trustee. Mr. Smith has been employed with his current employer for seven years, during which he has accumulated approximately $40,000. Presumably, in the approximately eight years left until he reaches retirement age, Mr. Smith would accumulate a similar amount, which is not adequate for the living expenses of a retired couple. Accordingly, the Court concludes that the Retirement Fund is reasonably necessary for debtors' support and therefore exempt under Missouri law.

Finally, the Court notes that a portion of Mr. Smith's Retirement Plan was held in a Tax–Deferred Savings Account. Missouri law provides that a pension, or other "similar plan," may be considered exempt under Section 513.430(10)(e). In *In re Hutton,* 893 F.2d 1010 (8th Cir.1990), the Eighth Circuit concluded that under Iowa law, an employer-sponsored savings and investment plan could be exempted by a Chapter 7 debtor. The language at issue in *Hutton* is similar in nature to the language in the Missouri provisions. Based upon the *Hutton* holding, the Court concludes that Mr. Smith's Tax–Deferred Savings Account qualifies as a plan similar to a pension and may be exempted pursuant to Mo.Rev.Stat. § 513.430(10)(e).

Therefore, the Trustee's objections to exemptions shall be denied.

IT IS SO ORDERED.