**In re Paul E. JAMES, Jr. and Frances Ann James, Debtors.**

**Bankruptcy No. 90–20279–7.**

United States Bankruptcy Court, D. Kansas.

April 18, 1991.

Donald R. Noland, Pittsburg, Kan., Richard C. Wallace, Lenexa, Kan., for debtors.

Henry W. Green, Leavenworth, trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the Trustee's Objection to Debtors' Claim of Exemption of 401k Plan, said objection being filed by the trustee on April 20, 1990.

### FINDINGS OF FACT

Based upon the record and stipulations of the parties, this Court finds as follows:

1. That on February 22, 1990, the debtors, Paul E. James, Jr. and Frances A. James (hereinafter "debtors") filed their petition for relief under Chapter 7 of Title 11, United States Code.

2. That listed on the debtors' Schedule B–4 is a retirement plan under K.S.A. 60–2308 in the amount of $45,000.

3. That Henry W. Green, duly appointed trustee in the above-captioned estate, objected to the debtors' claim of exemption.

4. That the debtor, Paul E. James, Jr., has been employed at the First State Bank and Trust Company (hereinafter "Bank") in Pittsburg, Kansas for approximately 20 years.

5. That the Bank has established a mandatory 401k pension plan for its employees subject to the Employee Retirement Income Security Act (hereinafter "ERISA").

6. That the debtors do not contribute to nor possess any other pension plan or IRA other than the plan claimed herein.

7. That the debtors' interest in the Plan cannot be alienated, sold, transferred, or attached. The plan is exempt from any and all claims of creditors of the participants. Also, participants of the plan do not pay taxes on the contributions or accrued benefits until such time as the balance of the plan monies are tendered to them.

8. That pursuant to the plan if the debtor terminates his employment with the company he is entitled to the amount that has vested under the Plan.

9. That on June 12, 1990, it was determined by this Court and agreed to by the parties that no hearing was necessary and that the parties should file stipulations of fact and memorandum briefs with the Court.

10. That on June 22, 1990, this Court took the matter under advisement after the parties had submitted their Stipulation of Facts and Memorandum Briefs on the issues.

## CONCLUSIONS OF LAW

The Bankruptcy Code, under section 541, sets forth what is to become property of the bankruptcy estate at the commencement of the bankruptcy proceedings. Section 541(a)(1) defines the property of the bankruptcy estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." However, under § 541(c)(2) the Code sets forth what is *not* included in the estate:

(2) A restriction on the transfer of a beneficial interest of the debtor in a *trust* that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

The legislative history of § 541 shows that Congress sought to exclude a debtor's interest in a "spendthrift trust" from his bankruptcy estate. *See* H.R.Rep. 95–595, 95th Cong., 1st Sess. 176, 369 (1977), U.S. Code Cong. & Admin. News 1978, p. 5787; *In re Kincaid*, 917 F.2d 1162 (9th Cir.1990) ("Virtually every circuit that has considered the question has agreed that the debtor's interest in an ERISA pension or profit sharing plan is included in the bankruptcy estate unless the debtor's interest in the plan is considered a spendthrift trust under state law." *Id.* at 1166); *In re Boon*, 108 B.R. 697 (W.D.Mo.1989). This Court notes that there has not been a United States Supreme Court decision on this specific issue.

The Kansas Legislature has decided that pension plans will be presumed to be a spendthrift trust under the Kansas statutes and the common law of Kansas. More specifically, K.S.A. 60–2308 states that:

(b) Except as provided in subsection (c), any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified under sections 401(a), 403(a), 403(b), 408 or 409 of the federal internal revenue code of 1954, as amended, shall be exempt from any and all claims of creditors of the beneficiary or participant. *Any such plan shall be conclusively presumed to be a spendthrift trust under these statutes and the common law of the state....*

(Emphasis added).

In the case at bar, the trustee argues that ERISA preempts the Kansas statute based upon the United States Supreme Court decision of *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988) (hereinafter *"Mackey"*.) This Court notes that in *Mackey,* the Supreme Court was faced with the issue of whether a Georgia state statute which singled out ERISA *welfare* plan benefits for protection from garnishment was preempted by the Employees Retirement Income Security Act ("ERISA"). The Supreme Court was not faced with the issue of whether ERISA preempts a debtor's exemption of a 401K Plan in their bankruptcy proceedings. *In re Kaplan*, 97 B.R. 572 (9th Cir. BAP 1989) (*"Mackey* did not redefine traditional spendthrift trusts." *Id.* at 576). This Court declines to adopt the trustee's view. This Court finds that the debtors are entitled to the exemptions under K.S.A. 60–2308. *See In re Smith*, 124 B.R. 787 (Bankr.W.D.Mo.1991); *In re Vickers*, 116 B.R. 149, 150 (Bankr.W.D.Mo.1990) (*aff'd, Checkett v. Vickers*, 126 B.R. 348 (W.D.Mo. 1990) *Smith*, at 790 n. 3) (The Honorable Arthur B. Federman has also declined to adopt the ERISA preemption argument in the State of Missouri.)

Moreover, aside from the statute, Kansas Courts have defined a spendthrift trust as "a trust created to provide a fund for the maintenance of a beneficiary and at the same time to secure the fund against his improvidence or incapacity. Provisions against alienation of the trust fund by the voluntary act of the beneficiary or by his

creditors are its usual incidents." *Matter of Estate of Sowers*, 1 Kan.App.2d 675, 574 P.2d 224, 228 (1977).

In the case at bar, the parties have stipulated that the debtor's employer, First State Bank and Trust Company, established the mandatory 401k pension plan. The plan is a duly qualified plan under the Internal Revenue Code of 1954, as amended. Moreover, the parties stipulated that all of the contributions to the Plan are by the Company and not by the employees. The Plan Summary itself states that the Plan costs the employees nothing, as contributions to the Plan are made "only from Company profits" and the Company determines the amount of the contributions each Plan year. (The employee's share of the Company contribution is determined by the proportionate share of the compensation that the employee received during the Plan year.)

Some Courts have also looked at the dominion and control the employee has over the pension plan to determine if it is a spendthrift trust. *In re Elmore*, 108 B.R. 612 (Bankr.N.D.Ohio 1989) ("The Debtor neither created the trust nor contributed to the trust res. Debtor's rights under the plan are subject to restrictions regarding transfer of his beneficial interest.... [T]he plan constitutes a valid spendthrift trust." *Id.* at 614); *In re Kaplan*, 97 B.R. 572, 577 (9th Cir. BAP 1989) (Court found that there was no spendthrift trust where the employee [an officer of the company] was integrally involved in the decision-making process of the plan and was not restricted from drawing on the account as he could withdraw funds without seeking anyone else's approval. *Id.*); *In re West*, 81 B.R. 22, 25–26 (9th Cir. BAP 1987).

In the case at bar, the Plan also states that "[f]ull payment of your entire account balance under the Plan is available to you *only* at retirement, death or Total and Permanent Disability unless you are 100% vested." *Plan* at V–3 (emphasis added). An employee is 100% vested when he has completed 10 or more years of service with the Company *after* the implementation of the Plan. (The Plan was "amended and restated effective as of January 1, 1984." *Plan* at I–1). Moreover, under the Plan an employee's "Years of Service prior to the Effective Date of the Plan" will be excluded. According to the Plan then, the debtor had worked six years of service. Therefore, he would not be 100% vested in the Plan. The Court finds that this provision does not bar the Plan from qualifying as a spendthrift trust as the debtor still does not have dominion and control over the Plan proceeds.

The Court further finds that based on the foregoing this 401k Plan is not self-settled. *In re Boon*, 108 B.R. 697 (W.D.Mo. 1989) " '[i]t is clear that in ERISA–qualified plans which are set up by employers to assist in aiding ... workers to secure a means of support when [they are] no longer able to work, it is the employer who is the settlor of the trust, not the employee.' " (*Id.* at 708) (quoting, *Matter of Jones*, 43 B.R. 1002, 1006 (N.D.Ind.1984)).

Another factor this Court must consider is the loan provision of the Plan and its effect on the Plan qualifying as a spendthrift trust. The plan at issue provides that:

(2) LOANS
Upon written application to the Company, and based on a financial problem (such as illness or death in your immediate family; unemployment or severe curtailment of your income or for establishing or preserving your home) the Administrator *may* direct the Trustees to make a loan to you. *All loans made to Participants are considered an investment of the Trust Fund and must therefore bear a reasonable rate of interest and further, must be adequately secured.*
(emphasis added).

The Court finds that this loan provision is not of sufficient weight to defeat this plan's qualification as a spendthrift trust. *In re Boon*, 108 B.R. 697 (W.D.Mo.1989) ("In general, the existence of a provision allowing a beneficiary to receive loans from a trust does not invalidate that trust's spendthrift clause." *Id.* at 709); *In re Kincaid*, 917 F.2d 1162 (9th Cir.1990) ("If the loan does not have to be repaid with

interest, but is instead treated as a premature distribution of part of the corpus, then courts have been less willing to treat a plan as a spendthrift trust." Nevertheless, "where the administrator is not obligated to make the loan and the loan has to be repaid with interest, courts have found that the fact that a plan contains a loan provision does not destroy its spendthrift character." *Id.* at 1168); *In re West,* 81 B.R. 22 (9th Cir. BAP 1987) ("that the beneficiary *may* borrow from the trust does not necessarily invalidate a spendthrift clause." *Id.* 25.) (emphasis added).

The Plan also provides that the employee may "each year elect to receive in cash any amount up to 30% of [their] share of the Employer's contribution for such year." However, the "elections may be made (and may be revoked or changed) only by completing [a] form ... and no such election may be made or changed *after November 30* of the year to which such election relates." Moreover, the Plan states that "[i]n the absence of any such valid election, no part of a Participant's share of the annual contribution will be paid to him in cash." This Court finds that the debtor in the case at bar still does not have enough exercise and control over the proceeds to bar the Plan from qualifying as a spendthrift trust in the State of Kansas. It would be inequitable to require the debtor to request that 30% of his share of the employer's contribution be turned over to the bankruptcy estate as the debtor would need to make this request by November 30th.

Another factor the Court must consider in determining whether the Plan at issue qualifies as a spendthrift trust is whether the Plan contains anti-alienation provisions. In the case at bar, the parties have stipulated that the Plan contains an anti-alienation provision, and the Court so finds. *Matter of Estate of Sowers,* 1 Kan.App.2d 675, 574 P.2d 224 (1977) ("Provisions against alienation of the trust fund by the voluntary act of the beneficiary or by his creditors are [a spendthrift trust's] usual incidents." *Id.* 574 P.2d at 228). *In re Ralstin,* 61 B.R. 502 (Bankr.D.Kan.1986) (This Court found that the debtor's pension

plan's alienation restrictions would be enforceable against general creditors; therefore, the restrictions were also enforceable against the bankruptcy trustee.) This Court notes that *In re Ralstin* was decided on May 30, 1986, and the amendment to K.S.A. 60–2308 did not become effective until July 1, 1986. The Court, however, noted that it was cognizant of its existence at the time the opinion was rendered (*Id.* at 504 n. 2.).

The Court finds, based upon the foregoing, that the debtor's 401k Plan is a valid spendthrift trust under both K.S.A. 60–2308 and the case law of the State of Kansas and is therefore, exempted from the debtors' bankruptcy estate. *Matter of LeFeber,* 906 F.2d 330 (7th Cir.1990) ("the pension is a spendthrift trust under Indiana law and therefore not included in the bankruptcy estate." *Id.* at 331); *In re Boon,* 108 B.R. 697 (W.D.Mo.1989) ("If the plan functions tantamount to a traditional spendthrift trust—the only difference being the settlor and beneficiary are in an employment relationship instead of a familial one—then under section 541(c)(2) 'the bankruptcy of the beneficiary should not be permitted to defeat the legitimate expectations of the settlor of the trust.'" *Id.* at 705 (quoting, H.R.Rep. No. 95–595, 95th Cong., 2d Sess. 176 (1977), 1978 U.S.Code Cong. & Admin. News p. 6136); *In re Kirk,* 101 B.R. 476 (Bankr.N.D.Tex.1989); *Jacobs v. Shields,* 116 B.R. 134 (D.Minn.1990) (The District Court held that Ford pension plan qualified as a spendthrift trust under Michigan law.)

Further, this Court finds that the primary purpose of retirement benefits is to provide reasonable funds for the livelihood of an individual at the time of his retirement. To hold that a debtor's pension plan is part of his bankruptcy estate would defeat the purpose and the legislative intent in establishing spendthrift trusts. *In re Boon,* 108 B.R. 697 (W.D.Mo.1989) ("The extent to which employer-created pension plans are protected from a pensioner's creditors or a bankruptcy trustee may directly impact upon the employer's initial decision to establish or continue such plans." *Id.* at 705.); *In re Kincaid,* 917 F.2d 1162 (9th Cir.1990) ("The restrictions

are sufficiently obstructive to create a spendthrift trust, and, therefore, we hold that the Plan is a spendthrift trust. We are confirmed in this position by the knowledge that it attenuates the clash between ERISA and bankruptcy law, and thus helps prevent our legal system from becoming a mere farrago of unrelated provisions." *Id.* at 1168); *In re Felts*, 114 B.R. 131 (Bankr. W.D.Tex.1990) ("To not allow the exemption here would fly in the face of Congressional intent with regard to preservation of retirement benefits for the American workers." *Id.* 133).

Since it has been determined that the debtor's interest in his 401k Plan is excluded from the debtors' bankruptcy estate under § 541(c)(2) this Court finds it unnecessary to determine whether the Plan is exempt under § 522.

IT IS THEREFORE, BY THE COURT, ORDERED That the Trustee's Objection to the Debtors' Claim of Exemptions be and the same is hereby DENIED.

IT IS FURTHER, BY THE COURT, ORDERED That judgment be for the debtors, Paul E. James, Jr. and Frances Ann James, and against the trustee.

This Memorandum shall constitute my Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.