**In re Victor Joseph HENTZEN and Christine Anne Hentzen, Debtors.**

**Bankruptcy No. 89–21669–7.**

United States Bankruptcy Court, D. Kansas.

April 24, 1991.

1. That on October 20, 1989, the debtors, Victor Joseph Hentzen and Christine Anne Hentzen (hereinafter "debtors") filed their petition for relief under Chapter 7 of Title 11 of the United States Code.

2. That listed in the debtors' Schedule B–4 is a 401k pension plan with Western Container Inc.; and that as of December 31, 1989, debtor Christine Hentzen, had contributed $9,528.30 into the Plan, and her employer, Western Container Inc. had contributed $4,764.08.

3. The debtors are residents of the State of Missouri, and listed this pension plan as being exempt under Mo.Rev.Stat. § 513.430.

4. That James S. Willis was duly appointed the trustee in the above-captioned estate.

5. That on January 2, 1990, the trustee filed his Objection to Debtors' Pension Plan Exemption.

6. That on April 2, 1990, the Court, after examining the exhibits filed herein, hearing the arguments of counsel and the testimony of the witnesses, took this matter under advisement.

James E. Kunce, Overland Park, Kan., for debtors.

James S. Willis, Trustee, pro se.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the April 2, 1990 hearing on the Trustee's Objection to Debtors' Pension Plan Exemption. The debtors, Victor Joseph Hentzen and Christine Anne Hentzen, appeared in person and through their attorney, James E. Kunce. The trustee James S. Willis appeared pro se.

## FINDINGS OF FACT

Based upon the pleadings and the record, this Court finds as follows:

## CONCLUSIONS OF LAW

This Court finds that the State of Missouri has exercised its option under the Bankruptcy Code to deny its residents the right of exemptions set out in 11 U.S.C. § 522(d)(1).

The Missouri legislature utilized this opt-out provision as set out in § 522 by enacting Mo.Rev.Stat. 513.427, which states that:

Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d).

Thus, in the case at bar, this Court must look to the Missouri exemption statutes for guidance. Mo.Rev.Stat. 513.430 states in pertinent part as follows:

> The following property shall be exempt from attachment and execution to the extent of any person's interest therein:
>
> (10) Such person's right to receive:
>
> (e) A payment under a stock bonus, pension, profit-sharing, annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of such person and any dependent of such person unless:
>
> a. Such plan or contract was established by or under the auspices of an insider that employed such person at the time such person's rights under such plan or contract arose;
>
> b. Such payment is on account of age or length of service; and
>
> c. Such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408 or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408 or 409);

■ Unlike the Kansas pension plan exemption, the Missouri statute does not conclusively presume that pension plans are spendthrift trusts. *See* K.S.A. 60–2308(b). Based upon Missouri case law, this Court finds that the pension plan at issue is not a spendthrift trust. *In re Green,* 115 B.R. 1001, 1007 (Bankr.W.D.Mo.1990), *aff'd,* 123 B.R. 327 (W.D.Mo.1990); *In re Vickers,* 116 B.R. 149 (Bankr.W.D.Mo.1990); *In re Boykin,* 118 B.R. 716, 719 (Bankr.W.D.Mo. 1990); *In re Smith,* 124 B.R. 787 (Bankr. W.D.Mo.1991); *In re Swanson,* 873 F.2d 1121, 1124 (8th Cir.1989). In the case at bar, the debtor makes her own contributions to the plan. (As of December 31, 1989, she had contributed $9,528.30 into the plan while the employer contribution was $4,764.08.) Further, the debtor is a 100% vested member of the plan who is entitled to distribution of her benefits if she terminates her employment. *See* Western Container Company Retirement Plan at H–4.

■ The trustee has raised the argument that the Missouri exemption statute has been preempted by ERISA based upon the recent Supreme Court decision of *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). This Court concurs with the Honorable Arthur B. Federman in declining to adopt the ERISA pre-emption argument and concludes that these Missouri debtors are entitled to the benefits as set out in Mo.Rev.Stat. 513.430(10)(e). *In re Smith,* 124 B.R. 787 (Bankr.W.D.Mo. 1991); *In re Vickers,* 116 B.R. 149, 150 (Bankr.W.D.Mo.1990); (this conclusion upheld by the U.S. District Court on appeal. *Checkett v. Vickers,* 126 B.R. 348 (W.D.Mo. 1990) *Smith,* 124 B.R. at 790, n. 3.)

■ Thus, this Court must determine whether the retirement plan is reasonably necessary to support the debtors. In Missouri, the courts look to the following list of nonexhaustive factors to determine whether the proceeds from a pension plan are reasonably necessary:

(1) Debtor's present and anticipated living expenses;

(2) Debtor's present and anticipated income from all sources;

(3) Age of debtor and dependents;

(4) Health of the debtor and dependents;

(5) Debtor's ability to work and earn a living;

(6) Debtor's job skills, training, and education;

(7) Debtor's other assets, including exempt assets;

(8) Liquidity of other assets;

(9) Debtor's ability to save for retirement;

(10) Special needs of the debtor and dependents;

(11) Debtor's financial obligations, e.g. alimony or support payments.

*In re Boykin,* 118 B.R. 716, 719 (Bankr.W. D.Mo.1990); *In re Bartlett,* 67 B.R. 455, 457 (Bankr.W.D.Mo.1986) (quoting, *In re Flygstad,* 56 B.R. 884, 889–90[7] (Bankr.N.

D.Iowa (1986)); *In re Smith*, 124 B.R. 787 (Bankr.W.D.Mo.1991).

In the case at bar, this Court finds that the debtor's pension plan is reasonably necessary for the debtors support. The debtor husband testified that he was 38 years old; that he had been a truck driver for the past four months after having been an unemployed meat cutter (he is unable to find a job as a meat cutter); that he has carpal tunnel syndrome and needs surgery but cannot afford it. The debtor wife, whose pension plan is at issue here, was 40 years old at the time the bankruptcy petition was filed. She testified that she has no college degree (she has attended a few classes.) She has been employed by Western Container for over 16 years as a dye cutting person. She has been a dye cutter for 19 years. She further testified that she hopes to work another five years. She has no other job skills. The debtors have one 14–year old daughter who has incurred numerous orthodontic bills. The daughter will have to wear a retainer for another year or two. The debtors have no dental insurance. At the time of filing their petition, the debtors had a combined monthly income of $2,201.60 and their monthly expenses were $2,677, giving the debtors a monthly deficit of ($475.40). Debtors' Exhibit 2. At the time of the hearing on April 2, 1990, the debtors current monthly expenses had risen to $3,052.81. Debtors' Exhibit 3. The debtor wife testified that the monthly deficit is made up by borrowing monies from her mother. The debtors also testified that they do not have any life insurance and have not saved anything for retirement except the wife's pension plan.

IT IS THEREFORE, BY THE COURT, ORDERED That the Trustee's Objection to the Debtor's Pension Plan Exemption be and the same is hereby DENIED.

IT IS FURTHER, BY THE COURT, ORDERED That judgment be for the debtors, Victor Joseph Hentzen and Christine Anne Hentzen, and against the trustee.

This Memorandum shall constitute my Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.