In re Howard C. GREEN and
Verla B. Green, Debtors.

William A. WEAR, Trustee in
Bankruptcy, Appellee,

v.

Howard C. GREEN; Verla
A. Green, Defendants,

Wachovia Bank and Trust, N.A., a National Banking Association, as Trustee
of the Wal–Mart Stores, Inc., Profit
Sharing Agreement; Wal–Mart Stores,
Inc., a Delaware corporation, Appellants.

United Savings and Loan Association.

No. 90–2957.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1991.

Decided June 24, 1992.

Gary A. Powell, Springfield, Mo., argued (Phillip Garrison and Lee Viorel, on brief), for appellants.

Gary T. Nelms, Springfield, Mo., argued, for appellee.

Before FAGG, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Wal–Mart Stores (hereinafter "Wal–Mart") and Wachovia Bank & Trust, in its capacity as trustee for the Wal–Mart Stores retirement plan, both appeal the district court's affirmance of the bankruptcy court's decision that an individual's interest in a retirement plan covered by ERISA is part of that individual's bankruptcy estate. We reverse and remand.

## I. BACKGROUND

Wal–Mart maintains a profit-sharing plan for its employees. The plan is funded solely from contributions from Wal–Mart, and annual contributions are made at the sole discretion of Wal–Mart's board of directors. The plan does not accept employee contributions, though under limited circumstances employees can rollover funds from other retirement plans into the Wal–Mart plan. Over 80% of the plan assets consist of Wal–Mart stock, which is held in the name of the plan and not in the name of the individual participants. As required by ERISA, see 29 U.S.C. § 1056(d) (1988), the plan contains restrictions on alienation and assignment of plan benefits. Employees can receive distributions only upon the employee's death, disability, retirement, or termination. Distributions are made in money or stock at the employee's option.

Harold Green has participated in the Wal–Mart plan since 1978, and became fully vested in June 1984. In July 1989, Green and his wife filed for relief under Chapter 7 of the bankruptcy code. At the time, Green was a manager at a Wal–Mart Store located in Marshfield, Missouri, had been employed by Wal–Mart for sixteen years, and had over $94,000 in his plan account.

In November 1989, the bankruptcy trustee filed a complaint seeking turnover of Green's interest in the plan. The Greens amended their schedules and claimed Green's vested interest in the plan was not part of the bankruptcy estate or, alternatively, that his interest was exempt pursuant to federal and state law. The trustee's motion was granted by the bankruptcy court, and the district court affirmed. 123 B.R. 327. Wal–Mart and the plan trustee appeal; the Greens do not.

## II. DISCUSSION

11 U.S.C. § 541(c)(2) (1988) provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." In granting the trustee's motion, the bankruptcy court relied upon our earlier decision in *In re Graham*, 726 F.2d 1268 (8th Cir.1984), wherein we held that ERISA's anti-alienation requirements did not constitute "applicable nonbankruptcy law" within the meaning of § 541(c)(2). *Id.* at 1273.

In *Patterson v. Shumate*, —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), the Supreme Court, in an opinion authored by Justice Blackmun, unanimously rejected the view espoused in *Graham* and held that "[t]he anti-alienation provision required for ERISA qualification … constitutes an enforceable transfer restriction for purposes of § 541(c)(2)'s exclusion of property from the bankruptcy estate." *Id.* at ——, 112 S.Ct. at 2245. Because *Graham* is no longer valid law,[1] this case must

1. *Graham* was listed as one of the cases creating the split in circuit authority that prompted the Supreme Court's decision to grant certiorari in

be remanded to the bankruptcy court for reconsideration in light of *Patterson.*

*Patterson. Patterson,* at —— & n. 1, 112 S.Ct. at 2246 & n. 1.