# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1027

_____

Burlington Northern, Santa Fe     *
Railway Company,     *
    *
       Appellant,     *
    *   Appeal from the United States District
    v.     *   Court for the Western District of
    *   Missouri.
Janette M. Lohman, Director,     *
Department of Revenue of the State of     *
Missouri,     *
    *
       Appellee.     *

_____

Submitted: September 15, 1999

Filed: October 22, 1999

_____

Before BEAM, HEANEY, and FAGG, Circuit Judges.

_____

BEAM, Circuit Judge.

Burlington Northern Santa Fe Railway Company (Burlington Northern) appeals the district court's holding that the State of Missouri did not violate 49 U.S.C. § 11501(b)(4) of the Railroad Revitalization and Regulatory Reform Act (the 4-R Act) by discriminating against the railroads with sales and use taxes on fuel. Although we find the district court seems to have used the proper comparison class, we find that it

improperly reviewed the entire state tax structure to determine if discrimination had occurred. Accordingly, we reverse.

## I. BACKGROUND

The State of Missouri imposes upon a vast number of Missouri businesses[1] either a sales or a use tax of 4.225 percent on the retail price of items purchased or consumed in the state. Burlington Northern is a common carrier by railroad engaged in interstate commerce operating in Missouri. Missouri imposes sales and use taxes on Burlington Northern for the diesel fuel and gasoline it purchases and consumes in the state, but its major competitors, trucks and barges, are exempt from such taxes under Missouri Annotated Statute §§ 142.362(9), 144.030(26) (1996 & Supp. 1999). Trucks, however, are subject to a fuel excise tax of seventeen cents that is paid at the fuel pump. Barge lines apparently pay no similar taxes of any kind.

Burlington Northern stopped paying the taxes in 1995. It contends that the taxes violate the 4-R Act. Burlington Northern asserts that these taxes, as applied to fuel, are discriminatory because they treat the direct competitors of the railroads preferentially.

Burlington Northern filed this action in the district court for declaratory and injunctive relief. On motions for summary judgment, with both parties agreeing there are no material issues of fact, the court granted summary judgment to the state. Burlington Northern appeals, asserting that the district court was unclear in its choice of a comparison class and that it improperly found that the sales and use taxes as applied to fuel did not violate the 4-R Act.

## II. DISCUSSION

---

[1]Presently the number is approximately 80,000.

The 4-R Act proscribes four taxing practices that "unreasonably burden and discriminate against interstate commerce." See 49 U.S.C. § 11501(b). First, railroad property may not be assessed at a higher ratio to its true market value than other commercial and industrial property. See 49 U.S.C. § 11501(b)(1). Second, a tax may not be levied on an assessment referred to in (b)(1). See 49 U.S.C. § 11501(b)(2). Third, a jurisdiction may not collect an *ad valorum* property tax on railroad property if the tax rate is higher than that for commercial and industrial property in the same jurisdiction. See 49 U.S.C. § 11501(b)(3). Fourth, Congress added a catchall provision that prevents the imposition of "another tax that discriminates against a rail carrier." 49 U.S.C. § 11501(b)(4). We must decide the proper comparison class for a nonproperty tax under the catchall provision and whether the entire state tax structure may be examined to determine if such a tax is discriminatory.

Under the first three subsections of the statute that deal exclusively with property taxes, Congress specifically provided a comparison class comprised of "other commercial and industrial property." 49 U.S.C. § 11501(b)(1-3). It did not provide such a comparison class for the catchall provision. See 49 U.S.C. § 11501(b)(4). Thus, there are two possible comparison classes to choose from: (1) the competitive mode class, which is comprised of the railroads's direct competitors, or (2) the "other commercial and industrial taxpayers" class furnished by the property tax subsections. See Atchison, Topeka & Santa Fe Ry. Co. v. Arizona, 78 F.3d 438, 441 (9th Cir. 1996). With respect to the Missouri sales and use taxes at issue here, we find that a comparison class of competitors is more appropriate.

This comparison class dilemma is the result of a statutory omission. The rules of statutory construction dictate that words should not be supplied to a statute when the words are purposefully omitted or when adding words would defeat the purpose of the statute. See id. at 445 (Nielsen, J., dissenting), see also 2A Norman J. Singer, Sutherland Statutory Construction: Statutes and Statutory Construction § 47.38 (5th ed. 1992). We find both of these reasons present with respect to the catchall provision.

First, Congress demonstrated that it knew how to provide for a specific comparison class when it wanted one as demonstrated by the three property tax provisions. Second, the purpose of the catchall was to prevent discriminatory taxation in any form and to cover a wide variety of taxing techniques. See Ogilvie v. State Bd. of Equalization, 657 F.2d 204, 210 (8th Cir. 1981); Alabama Great S. R.R. Co. v. Eagerton, 663 F.2d 1036, 1040 (11th Cir. 1981).

Therefore, the comparison class should be appropriate to the type of tax and discrimination challenged in a particular case.[2] The broader purpose of the 4-R Act, to restore the railroads's financial stability, also supports this reading. See Department of Revenue v. ACF Indus., Inc., 510 U.S. 332, 336 (1994). Stability cannot be restored without making the railroads competitive.

Considering both the statutory plan and the purpose of the statute, we assume Congress intended to omit a specific comparison class from the catchall. If Congress had wanted this subsection to have the same comparison class as the property tax subsections, and none other, it would have written it that way. See Arizona, 78 F.3d at 445 (Nielsen, J., dissenting). It did not.

In this case, the railroad companies are subject to a generally imposed nonproperty tax, while their direct competitors are not. If too broad of a comparison class is chosen, the railroads will be placed at a competitive disadvantage that would defeat the purpose of the statute–financial stability. See id.; see also Burlington N. R.R. Co. v. Commissioner of Revenue, 509 N.W.2d 551, 553 (Minn. 1993); Atchison,

_____

[2]For example, in the property tax setting, the Supreme Court had to be mindful of the three property tax subsections when analyzing the thrust of the catchall It did not want to subvert the statutory plan by preventing the state from using a taxing technique under the catchall that would be permissible under one or more of the three property tax subsections. See Department of Revenue v. ACF Indus., Inc., 510 U.S. 332, 340-41 (1994).

Topeka & Santa Fe Ry. Co. v. Bair, 338 N.W.2d 338, 346 (Iowa 1983). Additionally, "[t]he broad comparison class overlooks the obvious point that a tax imposed on rail carriers, but not on motor carriers [or water carriers], is discriminatory in the most basic sense of the word–it treats those engaged in an identical activity differently." Arizona, 78 F.3d at 446 (Nielsen, J., dissenting). Therefore, we hold that the proper comparison class for Missouri sales and use taxes is the competitive mode. Both sides agree that the railroads's competitors are barges and trucks.

We next address whether the tax is discriminatory. Burlington Northern argues that only the sales and use taxes should be taken into account to determine if those sales and use taxes are discriminatory. We agree. In Trailer Train Co. v. State Tax Comm'n, 929 F.2d 1300 (8th Cir. 1991), we held that a state's overall tax structure need not be examined under the 4-R Act even if fair taxing arrangements exist, such as taxing one business with property taxes and another with sales taxes, "'because the actual fairness of those arrangements is too difficult and expensive to evaluate.'" Id. at 1303 (quoting Kansas City S. Ry. v. McNamara, 817 F.2d 368, 375 (5th Cir. 1987)). We thus look only at the sales and use tax with respect to fuel to see if discrimination has occurred. See Trailer Train, 929 F.2d at 1303. Within the competitive mode class, only railroads pay the tax. Barges and trucks are exempt. Accordingly, we hold that Missouri's sales and use tax on fuel violates the 4-R Act.

## III.   CONCLUSION

Therefore, we reverse the district court's holding that the tax did not discriminate and we remand to the district court with instructions to enter declaratory and injunctive relief in favor of Burlington Northern consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.