# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3397

_____

| | | |
|---|---|---|
| Union Pacific Railroad Company; Soo Line Railroad Company, doing business as Canadian Pacific Railway, | * * * * | |
| Appellants, | * * | |
| v. | * * | |
| | * | Appeal from the United States |
| Minnesota Department of Revenue, Sued as Department of Revenue of the State of Minnesota; Ward Einess, | * * * * | District Court for the District of Minnesota. |
| Appellees. | * * | |
| _____ | * * | |
| Multistate Tax Commission, | * * | |
| Amicus Curiae – Amicus on Behalf of Appellee. | * * * | |

_____

Submitted: March 15, 2007
Filed: November 6, 2007

_____

Before WOLLMAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Union Pacific Railroad Company and Soo Line Railroad Company ("the Railroads") appeal from the district court's grant of summary judgment in favor of the Minnesota Commissioner of Revenue, the Minnesota Department of Revenue, and the State of Minnesota (hereinafter collectively referred to as "the State"). We reverse.

**I.**

Minnesota imposes a sales or use tax of 6.5% on certain items purchased or consumed in the state. MINN. STAT. §§ 297A.62, 297A.63 (2007). The Railroads are subject to these taxes when they purchase or consume transportation fuel in Minnesota, as are several of the Railroads' competitors – barges and Great Lakes ships. Two of the Railroads' other competitors, motor carriers and air carriers, are exempt from such taxes because they pay an excise tax on their transportation fuel purchases.[1] MINN. STAT. § 297A.68 subd. 19(1) (2007). Because of this exemption, the Railroads brought this action, which alleges that Minnesota's statutory scheme for assessing a sales or a use tax on transportation fuel discriminates against the Railroads in violation of section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976 (the "4-R Act"), now codified at 49 U.S.C. § 11501 (2006).

In granting summary judgment, the district court noted that two of the Railroads' competitors – barges and Great Lakes ships – are subject to sales and use tax on fuel, and that the Railroads' other two competitors – motor carriers and air carriers – while not subject to a sales or use tax, are subject to an excise tax on fuel. The district court concluded that "because railroads are subject to the exact same tax

---

[1]Transportation fuel purchased for use in motor vehicles on public roadways in Minnesota is subject to a petroleum excise tax of twenty cents per gallon. MINN. STAT. §§ 296A.07, 296A.08 (2007). Air carriers pay an excise tax between one-half cent and five cents per gallon, depending on the amount of transportation fuel purchased in a year. MINN. STAT. §§ 296A.09 (2007), 296A.17 (1999).

as at least two of their competitors, and because all competitors within the comparison class are subject to a tax on fuel, . . . Minnesota's taxing scheme does not 'discriminate' against the railroads in violation of the 4-R Act."

## II.

"We review the grant of summary judgment *de novo*, applying the same standard as the district court." Burlington Northern and Santa Fe Ry. Co. v. State Tax Comm'n, 188 F.3d 1039, 1041 (8th Cir. 1999). "Summary judgment is proper when, viewed in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party would be entitled to judgment as a matter of law." Id.

The 4-R Act was enacted "in part to restore the financial stability of the railway system of the United States." Department of Revenue v. ACF Indus., Inc., 510 U.S. 332, 336 (1994) (internal quotations omitted). One of the ways Congress chose to achieve this objective is found in 49 U.S.C. § 11501, which prohibits "States (and their subdivisions) from enacting certain taxation schemes that discriminate against railroads." ACF Indus., Inc., 510 U.S. at 336. Specifically, §§ 11501(b)(1)-(3) prohibit "the imposition of higher assessment ratios or tax rates upon rail transportation property than upon 'other commercial and industrial property.'" ACF Indus., Inc., 510 U.S. at 337. Section 11501(b)(4) of the 4-R Act is broader and prohibits the imposition of "another tax that discriminates against a rail carrier providing transportation." ACF Indus., Inc., 510 U.S. at 337. It is this provision that the Railroads contend bars the State from assessing a sales or use tax on the transportation fuel used by them.

In determining whether a tax impermissibly discriminates against a rail carrier in violation of § 11501(b)(4), a court must first determine the class of taxpayers with whom the railroads are to be compared. In Burlington Northern, Santa Fe Ry. Co. v. Lohman, 193 F.3d 984, 985 (8th Cir. 1999), we held that the "competitive mode"

comparison class, which is comprised of the railroads' direct competitors, was the proper comparison class for ascertaining whether Missouri's sales and use tax scheme violated § 11501(b)(4). The Railroads and the State agree that for purposes of this appeal the competitive mode class is the proper comparison class and that it consists of motor carriers, air carriers, barges, and Great Lakes ships.

As recounted above, the fact that motor carriers and airlines are subject to an excise tax on fuel formed in part the basis of the district court's conclusion that Minnesota's sales and use tax scheme does not violate the 4-R Act. The Railroads contend that our decision in Lohman precluded the district court from considering the excise tax the motor carriers and airlines pay on fuel in making its determination. We agree. In Lohman, we were faced with the same issue present here, namely, whether an excise tax on fuel paid by the railroads' competitors in Missouri should be taken into account when determining whether Missouri's sales and use taxes are discriminatory under the 4-R Act. Id. at 986. Relying on our decision in Trailer Train Co. v. State Tax Comm'n, 929 F.2d 1300 (8th Cir. 1991), we noted in Lohman that "a state's overall tax structure need not be examined under the 4-R Act." Consequently, we refused to consider the other fuel taxes paid by the competitors, stating that we "look only at the sales and use tax with respect to fuel to see if discrimination has occurred." Lohman, 193 F.3d at 986. Likewise here, we conclude that the district court should have confined its analysis to only the sales and use taxes on transportation fuel.

The question remains whether the district court erred when it determined that, because barges and ships pay the same sales and use taxes on fuel, Minnesota's taxing scheme is not discriminatory. The district court examined the rationale set forth in Lohman, in which we found Missouri's sales and use taxes on transportation fuel to be discriminatory. See id. The district court noted that in Lohman, the railroads were the only member of the competitive class subject to Missouri's sales and use taxes on transportation fuel, whereas in Minnesota railroads, barges, and Great Lakes ships are

all subject to the same sales and use taxes.[2]  The district court concluded that because two members of the competitive class are also subject to the taxes, the State's taxing scheme is distinguishable from that in force in Missouri and thus does not fall within <u>Lohman</u>'s proscription.

We respectfully disagree with the district court's analysis, for our holding in <u>Lohman</u> is clear:  only those taxes imposed upon the Railroads are taken into account in determining whether those taxes are discriminatory.  <u>Id</u>.  True enough, within the competitive mode here, barges and ships are also subject to the same tax imposed upon the Railroads, but also true is the fact that two other members of the competitive class – motor carriers and air carriers – are not, and it is this fact that requires us to conclude that our holding in <u>Lohman</u> governs this case.

The judgment is reversed, and the case is remanded to the district court for the entry of an appropriate judgment.

_____

---

[2]We agree with the district court that the fact that the State, for whatever reason, has not been collecting the taxes due from the Great Lakes ships has no bearing on whether those ships are subject to the tax.