**In re Joel Burrel THOMPSON & Audrey Leona Thompson, Debtors.**

**Bankruptcy No. 88–05567–2–FWK.**

United States Bankruptcy Court,
W.D. Missouri.

Aug. 21, 1989.

William C. Paxton, Independence, Mo., for debtors.

Paul E. Berman, Trustee, Kansas City, Mo.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Debtors filed a petition for relief under Chapter 7 on December 29, 1988. They subsequently twice amended their schedules of assets and exemptions and ended up in the posture of disclosing an interest of debtor, Joel B. Thompson, in the Proctor & Gamble Profit Sharing Trust Plan. This was valued at $22,580.00 and was claimed as exempt under Section 513.430(10)(e) R.S.

Mo. Debtor has not contended that said asset was not property of the estate, so the only issue before the Court is whether said asset may be exempted under the cited Missouri exemption statute. See *In re Graham*, 726 F.2d 1268 (8th Cir.1984).

The pertinent portions of the statute (when distilled) read as follows:

The following property shall be exempt from attachment and execution to the extent of any person's interest therein: Such person's right to receive:

A payment under a stock bonus, pension, profit sharing, annuity or similar plan on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of such person and any dependent of such person . . .

■ Initially the Trustee postulates that since debtor must die, become disabled, retire, or terminate his employment with Proctor & Gamble before he can receive any funds from the aforesaid plan, the debtor has no *present* right to receive any payment and thus no exemption under the quoted section. The Court declines this reasoning on two bases. First, if the debtor has no right to receive payment, then the Trustee can assert no right to receive payment. *In re Amco Products, Inc.*, 50 B.R. 723 (W.D.Mo.1983). The Trustee's rights to property of the estate must arise from some right the debtor had prior to, or at the moment, of filing a Chapter 7 petition. Second, it seems to the Court that the plain meaning of the statute does not require that a debtor have a *present* right to receive such payments to exempt such items and that said right may accrue or vest in the future without falling outside of the statutory exemption.

■ However, the Trustee has two strings to his bow. He also argues that said fund is not "reasonably necessary for the support" of the debtor or any of his dependents. Here the Trustee is on firmer turf, and the Court has considered the evidence offered on both sides to make a determination: The Court believes that there is no magic formula that can be applied in each case where this question arises guaranteed to produce a neat and satisfactory answer. Instead it seems that the facts must be examined anew and that the age, present assets, amount involved, present income and future prospects of the debtor, both economic and physical, must be pieced together in attempting to determine the issue. Of course, one should not lose sight of the fact that absence of such magic formulas does create steady employment for lawyers and judges who might otherwise find their services superfluous.

■ As to the facts then. Debtor was 47 years old, had worked for the Folger Coffee Division of Proctor & Gamble for eleven years as a warehouse material handler, and had been a truck driver and dock worker before that. He is married. His wife, the other debtor, is not employed, and his wife has two minor children by a prior marriage who reside with the debtors. Debtor has a high school degree through G.E.D., suffers from a blood disease (Porphyria Cutanea Tardia) which is congenital and has no known cure, owns nothing but a partially paid for pickup truck, minimal household furnishings and clothing, and has no substantial prospects for an increase in income except what he receives as a result of union negotiated contracts with his employer. Debtor presently makes $13.47 per hour, has no insurance with substantial cash value, no annuities and only the anticipation of social security benefits plus income from the fund at the time of retirement.

An administrator from Proctor & Gamble testified that the attributable interest of debtor therein was $43,161.25 in stock and $223.12 in cash. The estimates by the company based on conservative factors would indicate that debtor's interest in the fund would have a value of 6.4 times his earned income or some $160,000.00 at the time of his retirement.

Based on the foregoing, the Court finds that debtor's interest in said fund is reasonably necessary for the support of debtor and that to strip him of his only substantial asset would in effect deny him the "fresh start" envisioned by Congress. Were debt-

or to have other assets, or longer to amass same, or have substantial future income potential, or better health, or some other factor not present, such factors might well dictate a different finding and conclusion; it is for this reason that the Court has been careful to point out that such cases are factually driven.

The objection of the Trustee to the exemption is DENIED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.

SO ORDERED.