**In re Bobby SISCO and Drucella Sisco, Debtors.**

**Bankruptcy No. 91–13175M.**

United States Bankruptcy Court, W.D. Arkansas, Harrison Division.

Nov. 16, 1992.

Richard F. Nelson, Trustee, Mountain Home, Ark.

Frank H. Bailey, Mountain Home, Ark., for First Federal Sav. & Loan.

Claude R. Jones, Harrison, Ark., for debtors.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On December 12, 1991, Bobby Sisco and Drucella Sisco (debtors) filed a voluntary petition for relief under the provisions of

chapter 7 of the United States Bankruptcy Code. Claude R. Jones, Esq., was appointed trustee. The debtors claimed a $14,000.00 Individual Retirement Account Plan (IRA) as exempt pursuant to 11 U.S.C. § 522(d)(10)(E). The trustee filed an objection to the debtors' claim of exemption and a hearing was held on July 9, 1992. The Court took the matter under advisement.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (1988). The Court has jurisdiction to enter a final judgment in the case.

## I. FACTS

Bobby Sisco, who is fifty-one years old, testified that his previous employer had made contributions on his behalf to a retirement plan. In 1982, when Mr. Sisco's employment with this employer terminated, there was approximately $4,000.00 in the retirement plan. Mr. Sisco deposited these funds into an Individual Retirement Trust Account (IRA) at that time, and in 1984, he made a personal contribution of $2,000.00 to the IRA account. No other contributions have been made to the account.

On December 14, 1990, Mr. Sisco transferred the $13,673.69 balance of the account to an IRA account at First Federal Savings & Loan,[1] which was established under the provisions of Section 408(a) of the Internal Revenue Code. The IRA provides for the withdrawal of the funds at any time, subject to penalties for premature withdrawal. The value of the IRA at the time the petition was filed was stipulated by the parties to be $14,452.21. Mr. Sisco has not withdrawn any funds from the IRA account since the account was established in 1982.

The debtors have two dependent children, ages 14 and 18, who both attend high school. Mr. Sisco is employed by Ozark Office Equipment as a manager and outside salesman. He has been in the office supply business for approximately thirty years. Drucella Sisco is also employed. The debtors reported an adjusted gross income on their 1990 and 1991 federal income

tax returns of $38,534.00 and $35,116.00, respectively. Mr. Sisco testified that their gross income for 1992 should be comparable to their 1990 and 1991 incomes. Mrs. Sisco testified that their present joint monthly net income is approximately $2,034.48.

Mrs. Sisco testified that their total monthly expenses are close to $2,723.00 per month. Although there is a deficit of over $700.00 per month, Mrs. Sisco testified that the difference is usually covered by commissions and frugal spending. Mrs. Sisco's monthly expense figure includes an estimate for medical expenses of $285.00 to $300.00 per month, which are related to medical treatment for Mrs. Sisco.

Mrs. Sisco, who is forty-nine years old, underwent cancer surgery about one year ago. The estimated monthly medical expenses represent medication and treatments that Mrs. Sisco will continue to incur during the next four years. Mrs. Sisco has medical insurance, which pays eighty percent of all covered charges, subject to a $500.00 deductible. However, the insurance does not pay for her medication, nor some of the services she has received in connection with her continuing treatment. Mrs. Sisco also testified that there is a possibility of the cancer reoccurring, especially during the three years after her last surgery.

The trustee alleges that the debtors' IRA does not qualify as exempt property under the provisions of 11 U.S.C. § 522(d)(10) (1988). The debtors argue that the IRA does qualify as exempt property and should be allowed as an exemption because it is reasonably necessary for their support.

## II. DISCUSSION

The party objecting to the claim of exemption has the burden of proving that the exemptions are not properly claimed. Fed. R.Bankr.P. 4003(c). *In re Hickenbottom,* 143 B.R. 931, 934 (Bankr.W.D.Wash.1992); *In re Magnus,* 84 B.R. 976, 978 (Bankr. E.D.Pa.1988). Exemptions are construed liberally in favor of the debtors. *In re*

---

**1.** The funds were received by Nina Reilly, a new member of the Texas Bar.

*Velis*, 123 B.R. 497, 510 (D.N.J.1991); *In re Magnus*, 84 B.R. 976, 978 (Bankr.E.D.Pa. 1988); *In re Fisher*, 63 B.R. 649, 651 (Bankr.W.D.Ky.1986).

The debtors have elected to use the federal exemptions provided for in 11 U.S.C. §§ 522(b)(1) and 522(d). The debtors have claimed the IRA as exempt property under the provisions of 11 U.S.C. § 522(d)(10)(E), which provides that:

> (d) The following property may be exempted under subsection (b)(1) of this section:
>
> (10) The debtor's right to receive—
> . . . .
>
> (E) a payment under a stock bonus, pension profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless
>
> (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;
>
> (ii) such payment is on account of age of length of service; and
>
> (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), or 409).

11 U.S.C. § 522(d)(10)(E) (1988).

An exemption under 11 U.S.C. § 522(b)(1), for an IRA established under 26 U.S.C. § 408, is only available to a debtor to the extent reasonably necessary for the support of the debtor. *See Velis v. Kardanis*, 949 F.2d 78, 83 (3d Cir.1991); *In re Hickenbottom*, 143 B.R. 931, 932 (Bankr.W.D.Wash.1992); *In re Montavon*, 52 B.R. 99 (Bankr.D.Minn.1985). The phrase "reasonably necessary for support" is not statutorily defined. Courts have determined whether property is reasonably necessary for support on a case-by-case basis. *See In re Smith*, 142 B.R. 334, 336 (Bankr.E.D.Mo.1992); *In re Boykin*, 118 B.R. 716, 719 (Bankr.W.D.Mo.1990); *In re*

*Flygstad*, 56 B.R. 884, 889 (Bankr. N.D.Iowa 1986); *Warren v. Taff (In re Taff)*, 10 B.R. 101, 106 (Bankr.D.Conn. 1981).

■ Many courts have used the factors enumerated by the court in *In re Flygstad*, 56 B.R. at 889–90, to analyze whether property is reasonably necessary for the debtors' support. *In re Sawyers*, 135 B.R. 371, 374–75 (Bankr.W.D.Mo.1992); *In re Comp*, 134 B.R. 544, 554–55 (Bankr.M.D.Pa.1991); *In re Hentzen*, 126 B.R. 600, 602 (Bankr. D.Kan.1991). These factors are as follows:

> (1) Debtor's present and anticipated living expenses;
>
> (2) Debtor's present and anticipated income from all sources;
>
> (3) Age of the debtor and dependents;
>
> (4) Health of the debtor and dependents;
>
> (5) Debtor's ability to work and earn a living;
>
> (6) Debtor's job skills, training, and education;
>
> (7) Debtor's other assets, including exempt assets;
>
> (8) Liquidity of other assets;
>
> (9) Debtor's ability to save for retirement;
>
> (10) Special needs of the debtor and dependents;
>
> (11) Debtor's financial obligations, e.g., alimony or support payments.

*In re Flygstad*, 56 B.R. at 889–90.

■ Bankruptcy courts have generally found that property, such as an IRA, is reasonably necessary for the debtor's support where the debtor's excess income, after paying expenses, is minimal and the age of the debtor does not allow time to fund a new retirement plan. *See In re Hentzen*, 126 B.R. 600 (Bankr.D.Kan.1991); *In re Smith*, 124 B.R. 787 (Bankr.W.D.Mo. 1991); *In re Boykin*, 118 B.R. 716 (Bankr. W.D.Mo.1990); *American Honda Finance Corp. v. Cilek (In re Cilek)*, 115 B.R. 974 (Bankr.W.D.Wis.1990). Where the debtor or the debtor's dependent is not in good health, courts have found property, such as an IRA, reasonably necessary to the debtor's support. *See In re Hentzen*, 126 B.R.

600 (Bankr.D.Kan.1991) (debtor needed carpal tunnel syndrome surgery and debtor's dependent had ongoing orthodontic expenses); *In re Smith*, 124 B.R. 787 (Bankr. W.D.Mo.1991) (debtor's dependent required medical treatment for cleft palate); *In re Fill*, 84 B.R. 332 (Bankr.S.D.N.Y.1988) (debtor had suffered heart attack, stroke, and other medical problems).

In contrast, where the debtor's excess income, after paying expenses, is significant and the debtor is in good health, bankruptcy courts have generally found that the property is not reasonably necessary for support, due to the debtor's ability to fund a new plan before retirement. *See In re Kochell*, 732 F.2d 564 (7th Cir.1984); *Moffat v. Habberbush (In re Moffat)*, 119 B.R. 201 (Bankr. 9th Cir.1990); *In re Comp*, 134 B.R. 544 (Bankr.M.D.Pa.1991); *In re Herzog*, 118 B.R. 529 (Bankr. N.D.Ohio 1990); *In re Gaines*, 106 B.R. 1008 (Bankr.W.D.Mo.1989).

In applying the *Flygstad* factors to Mr. and Mrs. Sisco's case, the facts establish that the debtors' IRA is reasonably necessary for the support of the debtors and their dependents. Mr. and Mrs. Sisco's monthly expenses are more than their monthly income. Both their expenses and income are relatively stable, so there appears to be no possibility that the debtors will be able to fund a new plan before retirement to meet their future needs. Mrs. Sisco is forty-nine years old and underwent cancer surgery about one year ago. It will be necessary for her to continue cancer treatments for the next four years. Not all of these medical expenses are covered by her insurance policy. In addition, there is a chance that the cancer may reoccur. The debtors also support their two dependent children who live with them while attending high school. The debtors will continue to support the youngest child for at least another four years. Based on these facts, the debtors' IRA is reasonably necessary for the support of the debtors and their dependents.

Therefore, the trustee's objection to the debtors' claim of exemption is overruled.

IT IS SO ORDERED.