**In re Sidney Royce SAVAGE and Sylvia Ramsay Savage.**

**No. 99–40480S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

April 27, 2000.

Richard Ramsay, Little Rock, AR, Chapter 7 Trustee.

David D. Coop, Little Rock, AR, Chapter 13 Trustee.

Joel Taylor, Morrilton, AR, for debtors.

### ORDER SUSTAINING IN PART, AND OVERRULING IN PART, OBJECTION TO EXEMPTIONS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the trustee's Objection to Exemptions,

filed on March 25, 1999. The debtors filed their joint chapter 7 petition on February 1,1999, and elected the federal exemptions under section 522(d) of the Bankruptcy Code, 11 U.S.C. § 522(a), claiming as exempt all of the funds in their three individual retirement accounts. Mrs. Savage has two individual retirement accounts (IRA's) held by Merrill Lynch valued at $156,000 on the schedules and at $173,000 at the time of trial. Mr. Savage has a 401(k) retirement ERISA Qualified Plan valued at $77,000. The trustee objected to Mrs. Savage's claim of exemption in her IRA's but does not dispute the exemption claims in Mr. Savage's 401(k) retirement plan. The debtors assert that all the funds in the two IRA's, as well as the 401(k), are exempt because they will be reasonably necessary for their support, 11 U.S.C. § 522(d)(10)(E).

The debtors previously operated a small farming operation, raising shiitake mushrooms. Currently, they raise rabbits and hope that the business will generate income above the break even point. Mr. Savage, age 59, is also a minister, earning $ 475 per month in addition to the farm income. Mr. Savage will be entitled to $680 in social security benefits, but Mrs. Savage will receive no separate social security benefits.[1] Mr. Savage has a Bachelor of Arts degree and two years seminary study. He is in good health, but, having suffered a heat stroke some years ago, he has difficulty enduring high temperatures. Although Mrs. Savage, age 56, formerly was a library technician, she does not currently work outside the home or farm, having recently had back surgery. The debtors do not live extravagantly and their current income is just sufficient to meet their needs. Although they claim their home and acreage exempt as their homestead, they cannot currently make the $500 per month payment and relief from stay has been granted to the mortgagee holder to proceed with foreclosure. The schedules reveal no equity in the property. They have $126,000 in unsecured debt and have exempted every asset they own, the total value of which is approximately $250,000, the vast majority of which is in the retirement accounts.

Mrs. Savage's IRA retirement accounts were derived from a $45,000 retirement plan through Tyler Junior College and $65,000, which she rolled over from her former husband's 401(k) plan. The debtors urge that since the sources of the funds from Mrs. Savage's accounts were originally exempt before the rollover, the funds should retain their exempt status.

■ Section 522(d), which permits a debtor to exempt the "right to receive" a payment under a pension plan to the extent reasonably necessary for the support of the debtor, does not contain a tracing provision. Rather, it exempts only the right to receive a payment. In contrast, section 522(d)(11) expressly permits the debtor to exempt a "right to receive, or property that is traceable to" particular items, including crime victim awards, life insurance proceeds, wrongful death awards, awards for personal bodily injury, and compensation for loss of future earnings. When Congress includes particular language in one section of a statute but omits it in another section of the same act, as a matter of statutory construction, the courts presume that Congress acted intentionally and purposely in the disparate inclusion or exclusion. *Bates v. United States*, 522 U.S. 23, 118 S.Ct. 285, 139 L.Ed.2d 215 (1997); *United States v. Juvenile Male J.A.J.*, 134 F.3d 905 (8th Cir. 1998). Thus, it appears that Congress intended to prohibit tracing as to the property interests described in section 522(d)(1), including the right to receive a payment under a pension plan. Since the tracing

---

**1.** Mrs. Savage, who does not work outside the home other than assisting in the farming venture, did work for a Texas junior college from 1982 through 1988. Employees were required to participate in one of two state retirement programs. The state had opted out of the federal social security system.

language was omitted, this Court may not apply the statute so as to permit tracing as urged by the debtors. *Cf. Burlington Northern, Santa Fe Ry. Co. v. Lohman,* 193 F.3d 984 (8th Cir.1999). The property, even if it was exempt in the first instance, subsequently lost that status when rolled over into the Merrill Lynch IRA accounts and the trustee is entitled, unless the funds will be reasonably necessary for the debtors' support, to reach those assets for the benefit of the debtors' unsecured creditors.

■ Although the funds in Mrs. Savage's IRA accounts do not have the protections ordinarily afforded ERISA Qualified Plans, section 522(d)(10)(E), does provides for an exemption in "a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonable necessary for the support of the debtor and any dependent of the debtor." The issue for this court, thus, is whether the funds in Mrs. Savage's IRA will be reasonably necessary for the debtors' support.

■ There are a number of factors the Courts utilize to make this determination, including:

(1) the debtors' present and anticipated living expenses;

(2) the debtors' present and anticipated income from all sources;

(3) the age of the debtors and their dependents;

(4) the health of the debtor and dependents;

(5) the debtors' ability to work and earn a living;

(6) the debtors' job skills, training, and education;

(7) the existence of other assets, including exempt assets;

(8) the liquidity of the other assets;

(9) the ability to save for retirement; and

(10) special needs of the debtor and dependants.

*In re Sisco,* 147 B.R. 495, 497 (Bankr. W.D.Ark.1992).

■ The Court has reviewed the case authority and compared the facts in those cases to the debtors' situation and finds that the debtors should be allowed to retain the larger of Mrs. Savage's two IRA's. As a general rule, the bankruptcy courts have found an Individual Retirement Account reasonably necessary for the debtors' support if their income is minimal and their age does not allow time to fund a new retirement plan. *Id.* at 497. While the Court does not believe that all three retirement accounts are necessary for the debtors' support, Mr. Savage's single retirement account will not be sufficient to fund their retirement. The debtors would like to retire in a few years, and given their life expectancies at their current ages of 56 and 59, the court finds that they will not be able to work a sufficient number of years to fund a new retirement plan. The debtors each have medical conditions that hamper their ability to conduct particular tasks and, clearly, impact upon their ability to find outside employment. Mr. Savage suffers from a condition which precludes him from working for extensive periods of time in high heat, a condition which has significant ramifications in this Southern state. Mrs. Savage's back problems preclude her from working in her field and also limit her ability, particularly in their location, to find work which does not require periods of standing. Although they currently have a new, small rabbit farm, the business is in serious jeopardy because it is located on the property which is now subject to foreclosure. Indeed, although they would like to work things out with the mortgagee, the debtors anticipate that there will be a deficiency after foreclosure and sale of the land and home is inevitable. With the loss of the land and home, the debtors have only Mr. Savage's current meager income from his ministry which is unlikely to provide additional

funds for their retirement. Although he will eventually have his 401(k) retirement and social security, Mrs. Savage will not receive any separate social security benefits. Although there are a few assets which could be liquidated, these are not of great value—and certainly insufficient to fund a retirement. Under the facts of this case, the debtors do not have sufficient time and the wherewithal to replenish the retirement accounts which would provide funds reasonably necessary for their future support.

Accordingly, it is

**ORDERED** that the trustee's Objection to Exemptions, filed on March 25, 1999, is Sustained as to the smaller of Mrs. Savage's Merrill Lynch accounts and Overruled as to the larger of Mrs. Savage's Merrill Lynch accounts.

**IT IS SO ORDERED.**