**In re Frances SELFE, Debtor.**

**No. 00–47778–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 2, 2001.

Gary D. Bollinger, St. Louis, MO, for Debtor.

Susan K. Olsen, St. Louis, MO, for trustee.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

Counsel for the Trustee and Counsel for the Debtor appeared at the hearing on February 21, 2001 and presented oral argument with respect to the Trustee's objection to the amended claim of exemption filed by Frances Selfe ("Debtor"). On consideration of the record as a whole, the Court announced its determinations and orders from the bench.

This is a core proceeding pursuant to Section 157(b)(2)(A) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 81–9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

On or about September 9, 2000, within 180 days of the commencement of Debtor's bankruptcy case, the Debtor's Non–Debtor husband, Alfred Smith, passed away. The Debtor was named as the co-beneficiary of her deceased husband's Federal Employee Group Life Insurance.

■ The Debtor's interest in the proceeds of her deceased husband's Federal Employee Group Life Insurance, ("FEGLI Proceeds"), is an asset of the bankruptcy estate pursuant to § 541(a)(5)(C), as an interest the Debtor acquired or became entitled to acquire as a beneficiary of a life insurance policy within 180 days of the commencement of the case, which has an approximate value of $22,000.00.

On or about November 8, 2000, the Debtor filed an Amended Schedule "C" in which she claimed an exemption in the amount of $4,900.00 in the FEGLI proceeds pursuant to R.S.Mo. § 513.430(10). The Trustee filed an objection to Debtor's amended claim of exemption on the basis that the FEGLI Proceeds are not the type of benefit plan or payment contemplated by R.S.Mo. § 513.430(10). The Debtor submitted a supplemental memorandum to address whether the FEGLI Proceeds were exempt, under Missouri law, as a payment made under a death benefit plan or similar plan pursuant to Mo.Rev.Stat. § 513.430(10)(e). The Trustee filed a Memorandum in Support of the Trustee's position, and in response to Debtor's Memorandum.

A bankruptcy case decided in the Western District of Missouri has discussed the possibility of exempting life insurance proceeds under Rev. Mo. Stat. § 513.430(10)(e). In the opinion, the Court held "proceeds designated only as insurance proceeds are not exempt under Missouri law," but life insurance proceeds may be exempt, to the extent necessary for the reasonable support of the Debtor, "*if* the Debtor can prove that the proceeds are of the type designated in section 513.430(10)(e)." *In re Guentert*, 206 B.R. 958 (Bankr.W.D.Mo.1997). The case did not instruct under what circumstances, if any, life insurance proceeds would constitute a payment under a death benefit plan

or other plan designated under Rev. Mo. Stat. § 513.430(10)(e).

In the matter being considered here, the Court has determined that Missouri law distinguishes between property that is a death benefit plan and property that is a life insurance policy, an interest in a life insurance policy, or the proceeds of a life insurance policy for purposes of determining the allowance of exemptions in a case under Title 11 of the United States Code. This distinction appears not only from the statutory language of the federal and state law, but is also recognized and supported by findings in other areas other than bankruptcy law.

The life insurance proceeds became an asset of the Bankruptcy estate under Section 541(a)(5)(c) as of the commencement of the case.

A. *Distinguishing Federal Employee Group Life Insurance From Death Benefit Plans*

The Federal Employee Group Life Insurance Program was promulgated under 5 U.S.C. § 8701 et seq., more commonly known as the Federal Employee Group Life Insurance Act, ("the Act"). The Act was adopted by Congress in 1954 for the express purpose of "providing low cost group life insurance to federal employees," to enable federal employees "to carry out their responsibilities to their families," and to enable the federal government to offer benefits consistent with the private sector. 1954 U.S.Code Cong. & Admin.News., Volume 2, p. 3052, *Kidd v. Pritzel*, 821 S.W.2d 566 (Mo.Ct.App.1991), *Rollins v. Metropolitan Life Insurance Co.*, 863 F.2d 1346 (7th.Cir.1988).

A federal employee's entitlement to life insurance under the FEGLI Policy is an incident of employment, in which the employee is automatically enrolled, unless the employee chooses to waive or irrevocably assign his right to insurance. The employee is both the insured and the owner of the policy, and may cancel, revoke, or irrevocably assign his rights under the policy. The plan summary entitled "Federal Employee's Group Life Insurance Program, Your FEGLI Coverage," identifies the policy as a "Group Policy" providing "term life insurance" and further clarifies that the benefit provided to the retired federal employee is "life insurance only." Upon the death of the covered employee, the life insurance proceeds are paid out to the designated beneficiary by the insurance carrier, Metropolitan Life Insurance Company. *See* Plan Summary, Trustee's Memorandum in Support of Trustee's Objection to Debtor's Amended Claim of Exemption filed February 9, 2001. Both the Act and the plan summary consistently refer to Federal Employee Group Life Insurance as group term life insurance. There is no reference to or information indicating that the employee's interest under the FEGLI Policy is related to or should be construed as a benefit arising under a death benefit plan or other plan designated under Rev. Mo. Stat. § 513.430(10)(e).

In contrast to FEGLI Insurance, an employee's interest under a death benefit plan, usually arises pursuant to a formal/written plan, which is created and administered by the employer. The employer funds the plan and determines the employee's rights under the plan. Death benefits under the plan are paid by the employer, unlike FEGLI Proceeds which are paid by the insurance carrier. *See* DOL Opinion 81–11A, Identification No.: F–1675A, United States Department of Labor, Labor–Management Services Administration relating to a death benefit plan proposed by Tandy Corporation, (1982).

B. *Separate Tax Treatment for Life Insurance Proceeds and Death Benefits*

█ Life insurance and death benefit plans receive separate and disparate treat-

ment under the Tax laws. Under federal tax law, amounts received under a life insurance contract, whether a single sum or otherwise, are tax exempt and not included in a beneficiary's gross income. 26 U.S.C. § 101(a)(1). Death benefits however are taxable and included in the beneficiary's gross income. Formerly, beneficiaries of death benefits could exclude from income up to $5,000.00, for amounts paid by an employer to a deceased employee's beneficiaries by reason of the employee's death. 26 U.S.C. 101(b) (1995). The death benefit exclusion, however, was repealed in 1996 by the Small Business Job Protection Act of 1996, Pub.L. 104–188, Section 1402(a). The Court finds and concludes that the FEGLI Proceeds are not income, but a payment under a life insurance contract, exempt from taxation pursuant 26 U.S.C. 101(a)(1).

C. *The Missouri Exemption Scheme Distinguishes Between Life Insurance and Death Benefit Plans & other plans designated under Section 513.430(10)(e)*

■ Statutory interpretation begins with the plain language of the statute. *Cimmaron Oil Company, Inc. v. Cameron Consultants, Inc.*, 71 B.R. 1005, 1009 (N.D.Tex.1987). The definitions of the terms "life insurance," "death benefit plan" and "contract payable on account of death" are best understood within the context in which they are presented.

Examining the context of the terms within the Missouri statutory scheme, the Missouri legislature has drawn a distinction between a debtor's interest under an unmatured life insurance and a debtor's interest under death benefit plan or similar contract on account of death. *See generally* Rev. Mo. Stat. §§ 513.430(7), (8), and (10). For example, Sections 513.430(7) and (8) exempt the debtor's interest in unmatured life insurance, without

reference to the debtor's interest under a unmatured death benefit plan and/or similar contracts on account of death. Similarly, section 513.430(10)(e) refers to death benefit plans and/or similar contracts on account of death, without reference to life insurance.

■ The Court finds and concludes that the Missouri Legislature did not intend the terms "life insurance," "death benefit plan" and "similar contract on account of death" to be interchangeable. The fact that the term "life insurance" is specifically identified and treated under Rev. Mo. Stat. § 513.430(7) and (8), but is not identified under Rev. Mo. Stat. § 513.430(10)(e), demonstrates that life insurance was not contemplated as the type of plan or benefit designated under Rev. Mo. Stat. § 513.430(10)(e) and, therefore, should not be included within the definition of death benefit plan or similar contract on account of death. Any other reading of the statute would contradict the established principles of statutory construction which require words used in statutes are to be given their plain and ordinary meaning, and that all parts of an act are to be given effect, if at all possible. *See In re Collett,* 253 B.R. 452 (Bankr.W.D.Mo.2000); *Schneider v. State Division of Water Safety,* 748 S.W.2d 677, 678 (Mo.1988); and *Federal Aviation Administration v. Robertson,* 422 U.S. 255, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1975).

D. *The Federal Exemption Scheme Provides a Separate Exemption Provision for Life Insurance Proceeds and Plans Treated under 11 U.S.C. 522(d)(10)(E)*

Further evidence of the Missouri Legislature's intent to exclude life insurance from Rev. Mo. Stat. § 513.430(10)(e) is demonstrated by reviewing the federal exemption scheme. Section 513.430(10)(e) of Revised Missouri Statutes is virtually iden-

tical to 11 U.S.C. § 522(d)(10)(E) of the federal exemption scheme, and provides an exemption for payments made under death benefit plans and contracts payable on account of death. *In re Collett*, (Bankr. W.D.Mo.2000) citing *In re Vickers*, 954 F.2d 1426, 1429 (8th Cir.1992). The legislative history of 11 U.S.C. § 522(d)(10)(E) describes the purpose of the exemption as exempting certain benefits that are akin to future earnings of the debtor, including social security, unemployment compensation, public assistance benefits, veteran's benefits, disability, illness, or unemployment benefits, alimony, support or separate maintenance, and benefits under a certain stock bonus, pension, profit sharing, annuity or similar plan based on illness, disability death, age, or length of service. *See generally In re Eilbert*, 162 F.3d 523 (8th Cir.1998) and H.R. Rep. 95–595 at 362 (1978), U.S.Code Cong. & Admin.News 1978, 5787 at 6318. No reference is made to life insurance proceeds in either the legislative history or the plain language of 11 U.S.C. § 522(d)(10)(E), presumably because Congress created a separate exemption for life insurance proceeds under 11 U.S.C. § 522(d)(11). "When Congress includes particular language in one section of a statute but omits it in another section of the same act, as a matter of statutory construction, the courts presume that Congress acted intentionally and purposely in the disparate inclusion or exclusion," *In re Savage*, 248 B.R. 573 (Bankr.E.D.Ark.2000), citing *Bates v. United States*, 522 U.S. 23, 118 S.Ct. 285, 139 L.Ed.2d 215 (1997); *United States v. Juvenile Male J.A.J.*, 134 F.3d 905 (8th Cir.1998). Reading 11 U.S.C. § 522(d)(10)(E) and (11) together, it is clear that Congress has identified life insurance proceeds as something other than a payment of the type designated in § 522(d)(10)(E), and the exclusion of the term life insurance proceeds from

§ 522(d)(10)(E) was deliberate. Any other reading would reduce § 522(d)(11) to mere surplusage and undermine the cumulative nature of the federal exemption scheme. H.R. No. 95–595.

**E.** *The Federal Provision Exempting Life Insurance Proceeds Was Not Mirrored in the Missouri Exemption Scheme*

In a previous case, this Court has determined that section 522(d)(11) of Title 11 was not mirrored in the Missouri exemption scheme, and is not available to a Missouri debtor as the State Legislature has "opted out" of the federal exemption scheme. *In re Pettigrew*, 115 B.R. 214, 215 (Bankr.E.D.Mo.1990). Missouri's counterpart to 11 U.S.C. § 522(d)(11) does not mention life insurance proceeds and "applies exclusively to wrongful death benefits," *In re Barnes*, 177 B.R. 635 (Bankr. E.D.Mo.1995), Rev. Mo. Stat. § 513.430(11). If the Missouri Legislature intended an exemption for life insurance proceeds, the language of 11 U.S.C. § 522(d)(11) would have been mirrored in the Missouri statute, as was the language relating to death benefit plans/contracts on account of death found under 11 U.S.C. § 522(d)(10)(E) and Rev. Mo. Stat. § 513.430(10)(e).

Based on the foregoing, the Court finds and concludes that the record does not support the Debtor's argument that the FEGLI Proceeds qualify as a payment entitled to exemption under Rev. Mo. Stat. § 513.430(10)(e). Although the Court is sympathetic to the Debtor's situation, the Debtor's claim of exemption contravenes judicial precedent and is not consistent with State law. It requests the Court to carve out an exception which would allow a debtor to claim an exemption in estate property, otherwise not allowed, for the purpose of paying post-petition obligations, voluntarily assumed under moral duty, religious practice or custom.

Having determined that the Debtor's claim of exemption is not allowed, it is not necessary to address the "reasonable and necessary expense" issues discussed by the Debtor.

**IT IS ORDERED** that this matter is concluded; and that the Trustee's objection to the Debtor's Amended Claim of Exemption is sustained; and that the Debtor's claim of exemption in certain proceeds of a Federal Employee Group Life Insurance policy under Section 513.430(10)(e), R.S.Mo. (1999) is not allowed; and

That the Trustee' oral request is granted; and that Metropolitan Life Insurance Company, or whomever is currently holding the proceeds of this policy, is directed to immediately turn over said proceeds to David A. Sosne, Chapter 7 Trustee to be administered upon in this case; and that all other requests in this matter are denied.