**In re James J. BOWDER, Debtor.**

No. 00–32648.

United States Bankruptcy Court,
D. Minnesota.

June 7, 2001.

Stephen Behm, Mankato, MN.

Karl O. Friedrichs, Mankato, MN.

Mark C. Halverson, Mankato, MN, Trustee.

## ORDER DETERMINING OBJECTION TO CLAIMED EXEMPTION

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court on the Chapter 7 Trustee's objection to the Debtor's claimed exemption in funds of an individual retirement account. Mark C. Halverson appeared as and for the Chapter 7 Trustee. Karl O. Friedrichs appeared on behalf of the Debtor, James J. Bowder, who was also present before the Court.

The Court has jurisdiction over this matter as a core proceeding under 28 U.S.C. §§ 157(b)(2)(B), and 1334. Based upon the proceedings and all the relevant files and records contained herein, and for the reasons set forth below, the Court now makes this ORDER pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I. BACKGROUND

On January 27, 1997, James Bowder rolled over State of Minnesota pension plan funds into an IRA. The pension plan funds originally accrued as a result of his former employment as a building utilities mechanic at Mankato State University. The value of the IRA at the time Bowder filed his Chapter 7 bankruptcy petition on June 15, 2000, was $16,791.00.[1]

Bowder can withdraw the funds in his IRA at any time, but any withdrawal prior to his attaining the age of fifty-nine and one-half would result in a 10% federal tax penalty, in addition to being ordinarily subject to federal and state taxation.[2] Bowder has not made any contributions to the IRA. He made one early, partial withdrawal of $3,000.00 in 1999 to cover losses from operating a business known as the Mapleton Variety Store. It is his hopeful intention not to make any additional withdrawals prematurely, that is in advance of retirement at the age of sixty-six or reaching the age of fifty-nine and one-half as required by the terms of the IRA.

Bowder is forty-six years of age and has no dependents. He operates a construction business. Last year his total gross income was $12,698.97. Bowder expects his income to increase over the next few years to approximately $15,000.00 gross annually. His present net monthly income is approximately $600.00, while his monthly expenses amount to almost $1,200.00. His anticipated entitlement to Social Security payments at the age of sixty-six amounts to $991.00 monthly.

Bowder owns two vehicles, a 1980 Harley Davidson motorcycle, in order to retain

---

1. It is not disputed that of the total value of the IRA, Bowder is entitled to an exemption of $4,013.00 under 11 U.S.C. § 522(d)(5). Accordingly, the amount in dispute is $12,778.00, though the actual present value is subject to daily market fluctuation.

2. According to Bowder, his income tax bracket would result in usual taxation rates of 15% for the United States, and 5.35% for the State of Minnesota.

which he reaffirmed a debt of $3,600.00, and a 1988 Ford Bronco truck for use in his construction business. The motorcycle is apparently the more reliable means of transportation, and according to Bowder the truck will necessarily require replacement in the near future, especially if he expects to continue in the construction business. Bowder's scheduled monthly expenses of nearly $1,200.00 do not include the motorcycle payments required under the reaffirmation agreement and do not provide for a payment on a new truck. Bowder concedes that liquidating part of his IRA to fund his monthly expense deficit and or new transportation and equipment for the support of his construction business is, though not planned or desired, also not unlikely.

## II. DISCUSSION

Bowder claims his IRA exempt under 11 U.S.C. § 522(d)(10)(E). Section 522(d)(10)(E) provides, in relevant part:

> (d) The following property may be exempted under subsection (b)(1) of this section:
>
> > (10) The debtor's right to receive—
> >
> > > (E) a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent....

*See* 11 U.S.C. § 522(d)(10)(E).

■ "[T]here are essentially three separate conditions which must exist for a debtor to properly claim" a right to receive a payment or "an income stream as exempt under section 522(d)(10)(E)." *Andersen v. Ries (In re Andersen)*, 259 B.R. 687, 690 (8th Cir. BAP 2001), citing generally to *Eilbert v. Pelican (In re Eilbert)*, 162 F.3d 523, 527–28 (8th Cir.1998). First, the debtor's right to receive a payment must derive from a stock bonus, pension, profit-sharing, annuity, or similar plan or contract. Second, the debtor's right to receive a payment under such a plan or contract must be on account of the debtor's illness, disability, death, age, or length of service. And third, the exemption of such a right to payment is limited to the extent that the payment is reasonably necessary for the support of the debtor and any dependent. Here, neither the second nor the third condition is met to qualify the IRA for exemption under the statute.

*The IRA is not payable on account of the debtor's illness, disability, death, age, or length of service.*

■ The Eighth Circuit Court of Appeals has held that an IRA is not payable on account of age or the other statutory triggering events where a debtor can withdraw funds at any time, even though withdrawals are subject to penalty if made before age 59½ years.

> Because both annuities qualify as Individual Retirement Annuities under 26 U.S.C. § 408(b), and because Huebner has reached retirement age under federal law, he also argues, more narrowly, that he is presently eligible to receive exempt payments "on account of" his age. This argument, however, is inconsistent with the terms of the annuity contracts. Huebner's present right to receive annuity payments does not depend upon his having reached age sixty-five, nor upon the occurrence of any of the other triggering events enumerated in § 627.6(8)(e), such as illness, disability, or death. Instead, the contracts give Huebner the unfettered discretion to receive payments at any time under any of the three payment options, subject only to relatively modest penalties for withdrawals before age 59 1/2.

In these circumstances, we agree with the district court that Huebner's access to and complete control over the timing of annuity payments mean that any payments received under the contracts would not be "on account of" his age. *See In re Hutton,* 893 F.2d 1010, 1011 (8th Cir.1990) (employer savings plan exempt under Iowa Code § 627.6(8)(e) because control over distributions was in the hands of a third party and there were "strong limitations on withdrawal"); *In re Moss,* 143 B.R. 465, 466–67 (Bankr.W.D.Mich.1992) (individual retirement annuities not exempt under § 522(d)(10)(E) of the Bankruptcy Code because of debtor's control over distributions); *In re Matthews,* 65 B.R. 24, 25 (Bankr.N.D.Iowa 1986) (individual retirement account not exempt under Iowa law because of debtor's unrestricted access to the funds).

For the above reasons, we conclude that Huebner's annuities are not exempt under § 627.6(8)(e). Huebner could have invested his savings in retirement annuities that prevented him from withdrawing funds prior to his reaching retirement age, in which event retirement payments under those annuities would have been exempt under § 627.6(8)(e). Instead, he decided to invest in annuities that place virtually no restrictions on his right to withdraw. Such assets are essentially "bank savings accounts" with favorable tax treatment. *In re Moss,* 143 B.R. at 467. Although as a matter of hindsight this has proven to be an unfortunate decision, we are required under the Bankruptcy Code to limit Hu-

ebner to the exemptions afforded by state law.

*In re Huebner,* 986 F.2d 1222, 1224–1225 (8th Cir.1993), *cert. denied,* 510 U.S. 900, 114 S.Ct. 272, 126 L.Ed.2d 223 (1993). In *Huebner,* the debtor sought to exempt two IRA annuities under an Iowa statute modeled after 11 U.S.C. § 522(d)(10)(E). As in *Huebner,* the fact that Bowder would suffer a 10 percent penalty for early withdrawal does not make the IRA payable on account of age under the statute.

[T]he "relatively modest penalties" to which we referred in *Huebner,* 986 F.2d at 1225, were the ten percent federal tax imposed on Individual Retirement Annuity distributions taken before age 59 1/2. *See* 26 U.S.C. § 72(t).

*Eilbert v. Pelican (In re Eilbert),* 162 F.3d 523, 528 (8th Cir.1998).

*The payment available under the IRA is not reasonably necessary to support the Debtor.*

 "The phrase 'reasonably necessary for support' is not statutorily defined." *See In re Sisco,* 147 B.R. 495, 497 (Bankr.W.D.Ark.1992).[3] "Courts have determined whether property is reasonably necessary for support on a case-by-case basis." *Id.* (citations omitted). Factors a court may consider include the debtor's: age; present and anticipated living expenses; present and anticipated income from all sources; ability to work and earn a living; job skills, training, and education; other assets, including exempt assets, and the liquidity of other assets; ability to save for retirement; special needs, if any; and financial obligations such as alimony or child support. *Id.,* citing *In re Flygstad,*

---

**3.** *But see, In re Weaver,* 98 B.R. 497, 499 (Bankr.D.Neb.1988), which notes that federal exemptions are derived from the Uniform Exemptions Act, section 6 of which "defined the 'reasonably necessary' phrase as property required to meet the present and anticipated needs of the individual and his dependents as determined ... after consideration of the individual's responsibilities and all of the present and anticipated property and income of the individual, including that which is exempt."

56 B.R. 884, 889–890 (Bankr.N.D.Iowa 1986).

"[A]ny Court reviewing a debtor's claim of exemption in an entitlement to retirement benefits must consider the debtor's other income and exempt property." *See In re McKeag,* 1989 WL 154806 (Bankr. D.Minn.1989), citing *In re Taff,* 10 B.R. 101, 107 (Bankr.D.Conn.1981). "Further, the 'appropriate amount to be set aside for the debtor ought to be sufficient to sustain basic needs, not related to his former status in society or the lifestyle to which he is accustomed but taking into account the special needs that a retired and elderly debtor may claim.'" *Id.;* see also *In re Schlee,* 60 B.R. 524, 528 (Bankr.D.Minn. 1986).

"Courts must consider 'the debtor's age, present employment, future employment prospects, and general health,' as well as the ability of the debtor to 're-fund a pension account for future retirement use, after turnover of the current balance to the trustee.'" *Id.* "Determining reasonable necessity requires a detailed examination of the facts of each case, and no 'magic formula' exists to produce neat and satisfactory answers." *See McKeag,* citing *In re Thompson,* 103 B.R. 205, 206 (Bankr. W.D.Mo.1989).

"[A]lthough the retirement benefits may not be currently necessary for support, the court may consider the future needs of the debtor in determining whether or not, or to what extent, retirement benefits are exempt." *See In re Weaver,* 98 B.R. 497, 499 (Bankr.D.Neb.1988), citing *In re Miller,* 33 B.R. 549, 552 (Bankr.D.Minn.1983).

"This statutory exemption would be devoid of meaning, and its expressed purpose would be frustrated if a court did not consider the future needs of the debtor and any dependents of the debtor." *See Weaver,* 98 B.R. at 499.[4]

"Bankruptcy courts have generally found that property, such as an IRA, is reasonably necessary for the debtor's support where the debtor's excess income, after paying expenses, is minimal and the age of the debtor does not allow time to fund a new retirement plan." *See Sisco,* 147 B.R. at 497. (citations omitted). "Where the debtor ... is not in good health, courts have found property, such as an IRA, reasonably necessary to the debtor's support." *Id.* at 497–498. (citations omitted). "In contrast, where the debtor's excess income, after paying expenses, is significant and the debtor is in good health, bankruptcy courts have generally found that the property is not reasonably necessary for support, due to the debtor's ability to fund a new plan before retirement." *Id.* at 498. (citations omitted).

Upon a cursory review one might initially conclude that Bowder is in need of his IRA and then some, especially based on his recent and current circumstances. He earns a nominal income and comes up with a deficit equivalent to twice his income every month. He has essentially no other valuable assets. However, at forty-six years old Bowder is relatively young, and he is healthy and without dependents. He does not intend to retire for twenty years, and he does not intend to acquire any

---

4. That section 522(d)(10) "deals with the right to future payments" raises the issue, quite apart from the question of considering the debtor's future need of the asset claimed exempt, of whether the exemption applies only to plan distributions to which the debtor has an immediate and present right to receive, or to future payments, or indeed to the entire undistributed corpus of the asset. *See* generally, *In re Caslavka,* 179 B.R. 141, 144–145 (Bankr.D.Iowa 1995), citing *Patterson v. Shumate,* 504 U.S. 753, 763 n. 5, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). The Court need not address this issue in this case, however, because Bowder's claim of exemption fails for his want of reasonable necessity in any event.

dependents in the future. Assuming his present income maintains, he can still expect to collect social security benefits upon retirement of approximately $991.00 per month, which is a third more than he is generating currently.

Although his immediate situation is difficult, Bowder has twenty years to re-fund a retirement plan and take other retirement planning measures. He has successfully managed to find employment in the past, and he is apparently ambitious to run a successful business as well. He concedes that in all likelihood he would withdraw the IRA funds prematurely in order to infuse his business with equipment and financing. At a minimum, he has alleged that he will need to replace an expensive vehicle.

The Court finds that the Debtor has ample time and ability to prepare for retirement, including entirely re-funding the relatively modest IRA, and that the IRA is therefore not reasonably necessary to sustain his basic needs in retirement and not exempt.

## III. DISPOSITION

For the reasons set forth above, IT IS HEREBY ORDERED:

1. The Trustee's objection to the Debtor's claimed exemption under 11 U.S.C. § 522(d)(10)(E) is sustained and the exemption is disallowed.