**In re Charles and Terrie GOSNELL, Debtors.**

**No. 04–BK–75975.**

United States Bankruptcy Court, W.D. Arkansas, Hot Springs Division.

Dec. 19, 2005.

Brian W. Trubitt, Arkadelphia, AR, for Debtors.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On September 7, 2004, Charles and Terrie Gosnell ("Debtors") filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code. Frederick S. Wetzel, III was appointed the Chapter 7 Trustee. Pursuant to 11 U.S.C. § 522(d)(10)(E), the Debtors claimed as exempt property an Individual Retirement Account with Met Life Insurance Company ("IRA") valued at $25,467.00.

On October 14, 2004, the Trustee filed an objection to the claim of exemption on the grounds that the exemption was not reasonably necessary for the Debtors' support as required by 11 U.S.C. § 522(d)(10)(E). A hearing on the Trustee's objection was held on August 31, 2005, and the matter was submitted to the Court upon stipulated facts and briefs.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The Court has jurisdiction to enter a final judgment in this case.

## FACTS

The parties have stipulated to the following facts:

1. The debtors filed their Chapter 7 bankruptcy case on September 7, 2004.

2. In their bankruptcy petition, on Schedule 'A', the debtors do not list any real property.

3. The debtors list the following assets on Schedule 'B':

| | | |
|---|---|---|
| (a) | Cash | $ 100.00 |
| (b) | Checking account | $ 1,000.00 |
| (c) | Savings account | $ 10.00 |
| (d) | Furniture | $ 1,000.00 |
| (e) | Household goods | $ 1,000.00 |
| (f) | Family photos and books | $ 500.00 |
| (g) | Wedding Apparel | $ 1,000.00 |
| (h) | Wedding rings | $ 400.00 |
| (i) | IRA | $25,467.00 |
| (j) | 1993 Oldsmobile | $ 2,000.00 |
| (k) | 2001 Daewoo | $ 6,000.00 |
| (l) | Pets | $ 20.00 |

4. The debtors claimed all of the property listed in paragraph three (3) exempt on their Schedule 'C'.

5. The debtors claim the IRA exempt under 11 U.S.C. § 522(d)(10)(E).

6. On Schedule 'D' the debtors show one secured debt to Regions Bank on the 2001 Daewoo.

7. The debtors have no unpaid tax claims.

8. The debtors' unsecured claims total $77, 427.93, consisting mostly of credit card debts.

9. Charles Gosnell works for Baptist Medical Center in Arkadelphia, Arkansas, for $2,921.34 per month according to Schedule 'I'. When the debtors filed for bankruptcy, Mr. Gosnell earned $7.98 per hour. He received a raise to $9.20 an hour in the past year.

10. Terri Gosnell works for First United Methodist Church in Arkadelphia. She earns $134.00 a month part-time and receives $239.11 from her mother's pension.

11. The debtors' total monthly income as of September 7, 2004, was $3,294.45. Both amounts are shown on the debtors' Schedule 'I'. Their net disposable income was $2,540.29.

12. On Schedule 'J' the debtors list total monthly expenses of $1,567.95.

13. Until June or July of 2005, the debtors lived rent free in a house belonging to Charles Gosnell's mother. Since moving, the debtors now rent a home for $550 a month.

14. Mr. Gosnell has moved his loan on the vehicle from Regions Bank to Patterson Federal Credit Union, reducing the monthly payment from $280.95 to $150 per month.

15. In their Statement of Affairs, the debtors show their income as follows:

| Year | Debtor | Amount |
|---|---|---|
| 2002 | Charles Gosnell | $50,071.00 |
| 2003 | Charles Gosnell | $47,541.00 |
| 2004 | Charles Gosnell | $18,486.00 |
| 2004 | Terrie Gosnell | $ 500.00 |

16. The debtors' expenses have not substantially changed except for the payment of rent.

17. Charles Gosnell's personal information is as follows:

(a) Education—B.S. in Chemistry

(b) Training—Emergency Medical Technician training

(c) Health—diabetic, no other problems

(d) Retirement Plan—Baptist Medical Center has a 403(b) plan, but the debtors do not participate

(e) Age—52

18. Terri Gosnell's personal information is as follows:

(a) Education—Two years of college toward an education degree

(b) Training—No other training or education

(c) Health—Borderline diabetic, no other problems

(d) Retirement Plan—None

(e) Age—49

19. The debtors have one fifteen (15) year old daughter who is in good health.

20. Charles Gosnell plans to continue working at Baptist Medical Center. At this time, no impediment exists to Mr. Gosnell's long-term employment by Baptist Medical Center.

21. Terri Gosnell is looking for another job or additional work.

22. Charles Gosnell's employer provides health insurance coverage for the debtors' family.

23. The debtors are amending their exemptions to claim $9,115.00 of the IRA exempt under 11 U.S.C. § 522(d)(5).

24. The Gosnells do not expect to find work that pays significantly more than what they are presently earning in Arkadelphia, Arkansas.

## DISCUSSION

■ The party objecting to the claim of exemptions has the burden of proving the exemptions are not properly claimed. Fed. R. Bankr.P. 4003(c). Exemptions are construed liberally in favor of the debtor. *In re Sisco,* 147 B.R. 495, 496–97 (Bankr.W.D.Ark.1992)(citing *In re Velis,* 123 B.R. 497, 510 (D.N.J.1991); *In re Magnus,* 84 B.R. 976, 978 (Bankr.E.D.Pa. 1988); *In re Fisher,* 63 B.R. 649, 651 (Bankr.W.D.Ky.1986)).

The parties' stipulation of fact indicates that the Debtors intend to amend their exemptions to claim $9,115.00 of the IRA under 11 U.S.C. § 522(d)(5) (the so-called "wild card" exemption). The Trustee does not appear to object to the § 522(d)(5) exemption. Therefore, the Debtor's claim of exemption in the IRA pursuant to 11 U.S.C. § 522(d)(10)(E) is $16,352.00.

With reference to exemptions of retirement accounts, the Bankruptcy Code provides,

(d) The following property may be exempted under subsection(b)(1) of this section

. . .

(10) The debtor's right to receive—

. . .

(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor . . .

11 U.S.C. § 522(d)(10)(E)(2000).

■ The issue in this case is whether the $16,352.00 portion of the IRA is "reasonably necessary for the support of the debtor," a phrase that is not statutorily defined by the Bankruptcy Code. Whether a retirement account is reasonably necessary for support is determined by consideration of a variety of factors on a case by case basis. *In re Bowder,* 262 B.R. 919, 922 (Bankr.D.Minn.2001) (quoting *In re Sisco,* 147 B.R. at 497); 4 Collier on Bankruptcy ¶ 522.09[10][a](Alan N. Resnick & Henry J. Sommer, *et al.,* eds., 15th. ed. rev.1993).

■ Factors to be considered include the Debtor's age and health; present and anticipated living expenses; present and anticipated income from all sources; ability to work and earning capacity; job skills, training and education; the Debtor's other assets; the ability to save for retirement; the Debtor's financial obligations; and special needs of the Debtor. *In re Skipper,* 274 B.R. 807, 820 (Bankr.W.D.Ark.2002)(citing *In re Savage* 248 B.R. 573 (Bankr.E.D.Ark.2000); *In re Sisco,* 147 B.R. at 497). The court stated in *In re Montavon,* "Where, however, a

relatively young debtor with good health, substantial earning capacity, and current ability to meet his and his dependents' regular living expenses is involved, the exemption generally will be denied." *In re Montavon*, 52 B.R. 99, 103 (Bankr.D.Minn.1985)(citing *In re Kochell*, 732 F.2d 564, 565 (7th Cir.1984)).

■ In applying these factors to the Debtors' case, the Court finds that the IRA amount, minus the wild card exemption, is not reasonably necessary for the Debtors' support. Mr. Gosnell is 52 years old and Mrs. Gosnell is 49 years old. Mr. Gosnell has diabetes, although the stipulation does not address what type of diabetes Mr. Gosnell has or if the disease is controlled by medication. Mrs. Gosnell is described as "borderline diabetic," a condition not specific enough to support a finding of significant physical disability. The Debtors are covered by medical insurance provided by Mr. Gosnell's employer and, thus, are at least partially shielded from any ongoing financial problems associated with chronic health conditions.

The Debtors' ages and physical condition tend to support the conclusion that they will be able to work many more years until retirement. Mr. Gosnell has 14 years in which he can augment his IRA before he reaches retirement age, and he can work beyond that period if circumstances permit. Mrs. Gosnell has more than 16 years before she reaches retirement age, a period when she can produce an income that will help to rebuild the Debtors' retirement savings.

As to the Debtors' job skills, training, education, ability to work and earning capacity, Mrs. Gosnell has two years of college in the field of education and is underemployed, earning $134.00 a month at a part-time job. She stipulates that she is looking for additional employment, and she appears to be able to earn a higher month-ly wage. Even if she accepts a minimum wage, full-time job, she will make significantly more than she now earns. Furthermore, with full time employment, she can compensate for the cessation of pension payments in 2008. Mr. Gosnell has a college degree in chemistry and is currently employed at Baptist Medical Center in Arkadelphia, Arkansas. Both Debtors are educated and employable, and Mr. Gosnell, in particular, has marketable skills in the health care field that will ensure him continued employment.

The Debtors' present income includes Mr. Gosnell's monthly salary of $2921.34 or $35,056.08 per annum. The schedules reflect income of $50,071.00 for Mr. Gosnell in the year 2002, although his income has declined for the years 2003 and 2004 for reasons unexplained by the stipulation of facts. Taking into account the Debtors' monthly living expenses, including an added rent payment and a reduced car payment, the Court finds that the Debtors currently have more than $500.00 a month in disposable income in excess of monthly expenses. Thus, not only do the Debtors have enough income at present to support themselves and their fifteen-year-old child, but they have extra income to save for their future retirement. Furthermore, an employer-sponsored retirement plan is available to the Debtors, offering them the means for making regular contributions toward funding retirement.

Other circumstances support the Court's conclusion that the retirement account exemption is not reasonably necessary for the Debtors' support. Under the Bankruptcy Code, the Debtors may exempt other property totaling $16,181.00, including $9115.00 of the IRA that is exemptible under the "wild card" exemption. Therefore, the Debtors will retain a significant portion of their IRA post-bankruptcy.

Additionally, the Debtors have received their discharge which, according to their schedules, discharged more than $77,000.00 worth of unsecured debt, mostly credit card debt. The Debtors are left with only one remaining debt of approximately $6000.00, secured by a security interest in a vehicle and payable at the rate of $150.00 per month. In short, under bankruptcy law the Debtors have been granted a bountiful fresh start, emerging from bankruptcy with approximately $22,181.00 in assets and only $6000.00 in secured debt.

The circumstances in this case support the Court's finding that the Debtors have the time and the resources to save a sufficient amount to help fund their retirement. They do not require the balance of their IRA for their support now or in the future. It should be turned over to the Trustee and distributed pro rata to creditors whose claims have been discharged.

Therefore, the objection to the claim of exemptions is sustained.

IT IS SO ORDERED.